ABE SHAPIRO, Appellant, *v.* JOSEPH GEHLMAN, as President of the Theatrical Protective Union Local No. 1, of the International Alliance Theatrical Stage Employees and Motion Picture Machine Operators, Counties of New York, Richmond and Bronx, a Voluntary Association of More Than Seven Members, Respondent.*

First Department, April 12, 1935.

*Henry H. Silverman* of counsel [*Abner H. Silverman* with him on the brief; *Ornstein & Silverman,* attorneys], for the appellant.

*Alexander D. Diamond* of counsel [*Abner J. Rubien,* attorney], for the respondent.

McAvoy, J.   Plaintiff brought this suit to compel reinstatement in the defendant union, and for alleged damages resulting from his suspension.

For eight years plaintiff was a member of the union.   He was deprived by such suspension not only of the employment which he then had but also of his means of earning his livelihood, for the reason that the defendant union has a virtual monopoly of all the available stage mechanic positions in the city of New York.   The suspension barred plaintiff from obtaining employment from any unionized employer and from accepting employment from a non-union employer.   His suspension also deprived him of all the benefits to which he was entitled, including life insurance in the sum of $1,000; burial fund in the sum of $500; unemployment relief and emergency relief in illness.

On June 22, 1933, plaintiff preferred certain charges within the union against one Louis Yeager, an officer, to wit, a business agent and member of the executive board of the defendant.   These charges alleged, in substance, that said Louis Yeager had violated his duties of office and was guilty of malfeasance in office and of conduct unbecoming a member and officer of the defendant union, in that he mismanaged the funds of the union intrusted to his care; in that he administered the unemployment relief fund of the union (of which he was in charge) in a manner contrary to the rules of the union and in that he committed other acts prejudicial to the best interests of the union and its members.

Article VII, section 1, of the constitution of the union provides in part as follows:

" Section 1.   Officers.   Any elected officer may be impeached for malfeasance of office; charges preferred against an officer must be in writing and sworn to before a Notary Public; such sworn written charges must be specified and filed in duplicate with the Secretary of this Union and must be read at the next regular meeting following the filing of the charges.   After the charges and specifications have been read, the presiding officer of the meeting shall appoint a trial committee of five members of this Union in good standing.   The

Secretary shall within 48 hours after the adjournment of the meeting, mail a registered copy of the charges to the accused officer at his last known address as it appears on the books of the union."

Plaintiff complied with this section; the charges were read at a regular meeting of the union and were referred to a trial committee of five members to hear and report. Hearings were thereupon had by the committee as a result of which it submitted a report at a meeting of the union in July, 1933, in which it stated that the charges preferred by plaintiff against Yeager had been sustained, but recommended that Yeager be exonerated because in committing the acts charged he had no willful intention of violating the constitution. The body thereupon concurred in the findings of the committee and exonerated Yeager.

Shortly thereafter, as a means of reprisal, and admittedly in retaliation against plaintiff, Louis Yeager, upon the insistence of other officials of the union, preferred charges against plaintiff, alleging a violation by Shapiro of section 56 of the by-laws of the union, which provides as follows:

" Sec. 56. Any member of this organization making or circulating false or slanderous statements against an officer or member shall be compelled to prove same, failing to do so he shall be deemed guilty of conduct unbecoming a member and shall be fined, suspended or expelled at the option of the Union."

Subsequent to his own exoneration and on August 22, 1933, Yeager initiated the proceeding against plaintiff by means of a communication addressed to the executive board and to the members of the union. Section 2, article VII, of the constitution reads as follows:

" Sec. 2. Members. All accusations or charges against a member, other than an officer, must be made in duplicate in typewritten form to the Recording and Corresponding Secretary, who shall submit the same to the Executive Board; the Chairman shall then rule whether the charges are cognizable by the rules of the Union, and if he so decides, the Executive Board shall act as a Trial Committee to examine into the charges. The Secretary shall, within 48 hours, mail, registered, a copy of said charges to the accused member to his address as it appears on the books of the Union.

" The Chairman of the Executive Board shall act as Chairman of the Trial Committee and he shall notify the parties, and it shall be his duty to see that all parties are notified of the time and place of the examination.   *   *   *

" The Executive Board shall report its findings at the next regular meeting after the same have been agreed upon, and make such recommendations as in their opinion the evidence justifies.

" When the Executive Board prefers charges against a member, either directly or indirectly, the charges shall be preferred in writing in duplicate as aforesaid, and if the Chairman of the meeting decides that the charges are cognizable by the Union, he shall appoint a special trial committee of five members in good standing, none of whom shall be members of the Executive Board, to examine the charges, and all further notification and proceedings shall be had in accordance with the preceding provisions of this section."

The charges were considered by the executive board of the defendant union at its own meeting of August 25, 1933, and were ruled cognizable by the president. They were then submitted to the regular meeting of the members of the union, held on August 27, 1933, and at such meeting the chairman referred the charges to a committee of five members (whom he then appointed), said committee not being the executive board of the defendant, to hold hearings thereon and report to the membership. Plaintiff Shapiro thereupon arose and objected to the procedure upon the ground that the charges were not cognizable; that they contained no specifications and did not apprise the plaintiff of any particular acts on his part alleged to be in violation of section 56 of the by-laws, and that, under the provisions of article VII, section 2, of the constitution, the purported charges against him should be heard, not by a committee, but by the executive board of the defendant union. All his objections were, however, overruled.

Plaintiff received a notice from the secretary to appear before the committee on August 31, 1933. Plaintiff appeared before the committee. Yeager was not present. No testimony of any kind pertaining to the merits of the charges was taken. Shapiro was merely requested to identify the charges which he had previously made against Yeager, which he did. Plaintiff then requested to be informed as to the specifications of the charges preferred against him by Yeager, and was told by the chairman that " he [Yeager] is basing his charges on the charges you preferred against him." Whereupon, plaintiff reiterated the same objections to the validity of the entire proceeding which he had previously urged at the meeting on August 27, 1933. Specifically, he denied that section 56 had any application at all to his case, and he reiterated his objection to the jurisdiction of the trial committee, again asserting that he was entitled to be tried before the executive board of the defendant union. Moreover, he denied that the charges which he had previously preferred against Yeager were false or slanderous and, on the contrary, asserted that they were wholly substantiated. Shapiro was thereupon excused and the hearing was closed. Thereafter on September 24, 1933, at a regular meeting of the union, the

trial committee submitted its report to the body, to the effect that plaintiff had violated section 56 of the by-laws and should be penalized accordingly. It recommended that plaintiff be suspended for one year. Again plaintiff arose and challenged the regularity and legality of the proceeding upon all the grounds which he had previously argued and also upon the ground that the decision of the trial committee was based upon no evidence whatever and that no " trial " had been had. The report of the committee was approved by the body and a resolution was adopted suspending the plaintiff from membership for a period of one year. Plaintiff was removed from a position at the City Theatre which he had held for two years, receiving a salary of fifty-nine dollars and seven cents per week.

October 9, 1933, plaintiff appealed to the membership of the union to reconsider its action, but it was denied. He communicated with the president of the International Alliance (parent body of the defendant union), appealing to him to reverse the ruling of the defendant union, which was likewise denied. The next tribunal within the organization to which an appeal could be taken was to the general executive board of the International Alliance, whose next meeting was not scheduled until June, 1934, a period of nine months after plaintiff's suspension.

Following plaintiff's suspension and the denial of his appeal by both the body and the international president, this action was commenced to adjudge the suspension null, void and of no effect, and for damages suffered by plaintiff as a result thereof. The court below held " that the plaintiff was suspended after a fair trial had before a tribunal duly authorized by the Constitution and By-Laws of the defendant union to act, and upon proper charges and after due and sufficient notice and opportunity to defend, all of which were in accordance with the Constitution and By-Laws of the defendant Union."

We think that plaintiff committed no offense under the constitution of the union which could justify the disciplinary action taken. He certainly substantiated most of his charges against the business agent, Yeager. The charges brought by plaintiff against Yeager were sustained, except in so far as they alleged that Yeager's violations were willful.

Furthermore, plaintiff was " tried " by a tribunal having no jurisdiction under the defendant's constitution. He should have been tried, if at all, by the executive board.

Even assuming that the trial committee had jurisdiction, the proceedings were void because plaintiff was not afforded a fair trial upon specific charges; was not confronted by his accuser, and no

evidence whatever was adduced before the committee to sustain its finding of plaintiff's guilt.

Since the proceedings were void, plaintiff was not required to further exhaust his remedies of appeal within the union, but could immediately apply to the court for redress. In any event, further appeal within the union would be futile, for no final determination could be had until after the expiration of the period of plaintiff's suspension.

We think plaintiff is entitled to recover damages in the amount of wages lost by reason of his unlawful suspension.

Notwithstanding that the period of suspension has expired, the defendant union has failed and refused to reinstate plaintiff and to accord him the rights of membership solely upon the ground that he is prosecuting this action and the appeal. Plaintiff has paid and defendant union has accepted his dues to date. The appeal is, therefore, not academic.

The judgment should be reversed, with costs; the suspension set aside; and plaintiff reinstated to membership in good standing in Theatrical Protective Union Local No. 1, of the International Alliance of Theatrical Stage Employees and Motion Picture Machine Operators, Counties of New York, Richmond and Bronx, and awarded damages in the sum of $3,071.64, with costs.

MARTIN, P. J., MERRELL, GLENNON and UNTERMYER, JJ., concur.

Judgment reversed, with costs, the suspension set aside, and plaintiff reinstated to membership in good standing in the Theatrical Protective Union Local No. 1, of the International Alliance of Theatrical Stage Employees and Motion Picture Machine Operators, Counties of New York, Richmond and Bronx, and awarded damages in the sum of $3,071.64, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.