RALPH FRENCH, Individually and as President of Local Union No. 454, Brotherhood of Painters, Decorators and Paperhangers of America, Plaintiff, *v.* HARRY LADISKY, as President of District Council No. 9, Brotherhood of Painters, Decorators and Paperhangers of America for the Boroughs of Manhattan and The Bronx, et al., Defendants.

Supreme Court, Special Term, New York County, December 19, 1947.

*Harry Sacher* for plaintiff.

*David I. Ashe* for defendants.

EDER, J.  As to plaintiff French, individually: Admittedly the plaintiff did not exhaust his remedies within the association to obtain appellate review by the general executive board of the decision of the district council adopting the determination of the trial board.  Ordinarily this would suffice to warrant a dismissal of this action.  It is contended by plaintiff, however, that special circumstances are shown which except this case from the general rule.

Plaintiff recognized that an appeal to the general executive board from the decision of the district council was the authorized and proper procedure and accordingly, and pursuant to the provisions of section 292 to section 294, inclusive, of the constitution of the Brotherhood, he duly served and filed his notice of appeal.  This notice of appeal is full, complete and explicit.  The case was thereupon removed to the appellate court of the association.

In the notice of appeal to the general executive board the plaintiff set forth five assignments of error, among them that both the trial board and the district council lacked jurisdiction to act in the matter and hence the decision of the trial board and the adoption thereof by the district council were null and void.  It is now maintained that since such proceedings were void it dispensed with plaintiff's need to proceed before the association tribunals and authorized him to immediately resort to the courts for redress.

In seeking to maintain this position plaintiff, in the forty-fourth paragraph of the complaint alleges that (I) an appeal to the general executive board of the Brotherhood from the decision rendered against him would be futile because under subdivision (b) of section 290 of the Brotherhood constitution it is provided that at the conclusion of any trial, appeal or hearing, a decision shall be rendered and that it shall be conclusively presumed to be supported by substantial and credible evidence, thus depriving plaintiff of an opportunity to have the sufficiency of the evidence adduced against him passed upon by the general executive board or by the convention of the Brotherhood; (II) that plaintiff was elected as business agent of the district council on July 2, 1947, and that his term expires on July 7, 1948; that he was also

elected chairman of Local 454 and that his term commenced on July 11, 1947, and expires July 2, 1948; that the general executive board meets quarter-annually and that its uniform practice has been to delay decisions on appeals of the kind plaintiff has taken until the expiration of the term for which he was elected and hence appeal to the general executive board would be a vain and useless proceeding; (III) that the next convention of the Brotherhood will not take place until September, 1950, and by reason thereof plaintiff could not prosecute any appeal that he might take from the decision of the general executive board to final completion within the Brotherhood until long after the term for which he was elected.

These are the distinguishing features which plaintiff submits has excused him from first exhausting his remedies within the association.

The established rule is that remedies provided for within the association must be exhausted before recourse to the courts may be had; an exception is made and this procedure may be dispensed with where impediments or obstacles to the prosecution of an appeal are shown to exist which amount to almost a denial of justice, and where, in consequence, if prosecuted, no relief would result therefrom (*Matter of Brown* v. *Supreme Ct. of Independent Order of Foresters,* 176 N. Y. 132; see, also, 2 Bacon, Life and Accident Insurance [4th ed.], §§ 624, 625).

The claims advanced to except the action herein from the general rule, will be considered. As to (I), the provision in subdivision (b) of section 290 of the Brotherhood constitution to the effect that any decision after trial, appeal or hearing shall be conclusively presumed to be supported by substantial and credible evidence, is not without limitation, but is subject to the qualification in subdivision (c) of section 294 vesting jurisdiction and discretion in the appellate tribunal of the association to hear the appeal on the record as presented, or it may hear the appeal by a retrial of the entire case. It is thus clear that this provision as to a conclusive presumption that a decision is supported by substantial and credible evidence is inapplicable and rendered ineffective as to the general executive board functioning as an appellate court, since it may retry the entire case. It follows from this, of necessity, that the general executive board is not bound by the afore-mentioned provision and may revise and correct any decision made by an inferior tribunal within the organization if it is without adequate evidence to support it. If it were otherwise, the appellate body of the association would be a meaningless and useless institution.

Since the general executive board may hear the appeal by a retrial of the entire case, plaintiff is thus afforded opportunity to have the sufficiency of the evidence adduced against him passed upon by the general executive board and this reason, given as furnishing an excuse for not pursuing the remedies provided for within the organization is held to be insufficient and as not justifying resort to the court.

As to (II) and (III), the answer denies these allegations of the complaint and plaintiff has not made any proof to support these assertions.

In my opinion, plaintiff has not brought himself within the exception to the general rule requiring him to exhaust his remedies within the association, provided for by the constitution of the Brotherhood and the by-laws of the district council.

It seems to me that the plaintiff by submitting the controversy to the trial board, to the district council and to the general executive board, by appeal to it, must be held foreclosed from seeking relief in this court until his appeal has been disposed of. He should not be permitted to test his claims and rights before these tribunals and then when decided against him, and while an appeal is pending undetermined before the appellate body of the association, seek a decision in this court. Any ensuing delay in getting a hearing and determination before the general executive board is due to plaintiff's own action in not seeking such hearing and by bringing this action instead.

In filing his appeal with the general executive board and in instituting this suit the plaintiff has proceeded upon the theory, apparently, that both tribunals have concurrent jurisdiction in the matter. He had a choice of tribunals to which he could apply and submit his claims and rights for decision and having elected to submit his claims and rights to the association appellate court must be held to be conclusively bound by his election and must await disposition of his appeal before the general executive board.

It is my view that implicit in the appeal by plaintiff to the general executive board is an inescapable admission that such tribunal possesses jurisdiction over the matter involved in the appeal, as indeed, it does, and it is an adequate answer to plaintiff's claims to the converse.

Plaintiff's position, it appears to me, simmers down to this: That there was no justification for the imposition of the sentence because section 22 of article XI of the by-laws of the district council, for alleged violation of which he was found guilty, does

not cover plaintiff's case, and therefore the sentence is void. And it is contended, being void, all proceedings before the association tribunals are similarly void, completely ousting them of jurisdiction in the matter, so that plaintiff may come to this court for relief, in the first instance.

This appears to be plaintiff's position for by-passing the general executive board with respect to any further proceedings before it.

I am unable to agree with this position. The fact that the trial board and the district council erred, in the manner claimed, did not deprive the general executive board of jurisdiction; it has the power to reverse or otherwise change an erroneous decision (Brotherhood Const., § 64); the trial board and the district council have jurisdiction over such a charge as was here preferred; at most there was an error in its application. The remedy provided by the association laws, is by appeal to its appropriate appellate tribunals. To these bodies the plaintiff agreed to resort when he became a member, and to them he must turn, as he did, and must prosecute his appeal to finality within the association, and this he has not done.

This action appears to be prematurely brought; the plaintiff's appeal to the general executive board, duly and regularly taken, is still pending undetermined; in my opinion he may not proceed in this court until that tribunal has disposed of the appeal.

The complaint is, therefore, dismissed.

As to the second cause of action by Local 454, which appears to be a sort of auxiliary suit, no cause of action has been proved, and it is dismissed. Settle judgment.