JAMES TESORIERO, Appellant, *v.* FRANK MILLER, JR., as President of the United Steelworkers of America, C.I.O., District 3, Local No. 2877, Respondent.

Fourth Department, March 9, 1949.

*Leyden E. Brown* for appellant.

*Sidney H. Greenberg* for respondent.

*Per Curiam.* It is well settled that the courts of this State will not intervene to take jurisdiction of cases involving the disciplining or expulsion of union members from their union until such ousted or disciplined member has exhausted the right of appeal available to him within the union. (*Havens* v. *King,* 221 App. Div. 475, affd. 250 N. Y. 617.)

Since union membership frequently involves the right to earn a living, exception to the general rule above referred to is made in those instances where the member is wrongfully ousted, if it appears that no relief would result from prosecuting his appeal within the union (*Matter of Brown* v. *Order of Foresters,* 176 N. Y. 132. See, also, *Browne* v. *Hibbets,* 290 N. Y. 459; *Reilly* v. *Hogan,* 32 N. Y. S. 2d 864, 870, affd. 264 App. Div. 855, leave to appeal denied 265 App. Div. 805; *Reubel* v. *Lewis,* 47 N. Y. S. 2d 147, affd. 268 App. Div. 764, leave to appeal denied 268 App. Div. 773.)

In the recent case of *French* v. *Ladisky* (194 Misc. 549, affd. without opinion by the Appellate Division, First Department, 274 App. Div. 765), plaintiff sought to review the district council's decision adopting a trial board's determination finding plaintiff guilty of violating a by-law of the council and imposing sentence therefor. It appeared that he had filed an appeal to the union's general executive board for a review of the ruling and that the appeal was pending at the time the Supreme Court action was instituted. The trial court held that while the plaintiff may have had a choice of tribunals, by submitting his rights to the union appellate agency, he was foreclosed from seeking similar relief through the courts prior to the disposition of the union appeal.

Respondent stresses that in the instant case appellant had a like choice of tribunals and that having elected to submit

his rights to the union appellate agency, he is foreclosed from seeking relief in the courts prior to the disposition of his appeal within the constitution of the union. We feel that in urging such contention respondent has overlooked the findings of the trial court: that appellant was expelled for committing an act or acts not in violation of the constitution of the union; that he was wrongfully discharged by the union; that the individual members of the union, jointly and severally acted wrongfully and in bad faith in expelling him; that he was arbitrarily deprived of a fair trial by the defendant union, and that no evidence was presented to the trial board to sustain the charges preferred.

It is well settled that if the action of the union is without jurisdiction, or is without notice or authority or not in compliance with the rules or constitutional provisions, or is void for any reason, the obligation to appeal within the union is not imposed, but the complaining member may resort directly to the courts. (*Nissen* v. *International Brotherhood*, 229 Iowa 1028, 1043.) See *Reubel* v. *Lewis* (*supra*) wherein it was held that plaintiff was not required to exhaust his remedies within the union since it was beyond the authority conferred by the by-laws to suspend the defendant for failure to appear at his hearing; *Shapiro* v. *Gehlman* (244 App. Div. 238) and *Gersh* v. *Ross* (238 App. Div. 552) where the trial boards lacked jurisdiction; *Rodier* v. *Huddell* (232 App. Div. 531) and *Gilmore* v. *Palmer* (109 Misc. 552) where no hearings were held; see further *Dusing* v. *Nuzzo* (177 Misc. 35, mod. 263 App. Div. 59) and *Berkowitz* v. *Bobelak* (73 N. Y. S. 2d 534). In *Polin* v. *Kaplan* (257 N. Y. 277), the court held that if the union expels one of its members for committing acts not in violation of the constitution, the courts will not decline to interfere because such an expulsion is not an act contemplated by the contract between the member and the union. Although it does not appear from the opinion of the Court of Appeals, the Special Term found that the plaintiffs failed to exhaust their remedies by way of appeal and gave that as one of its reasons for dismissing the complaint. Nevertheless, the Court of Appeals reinstated them stating that " the plaintiffs were expelled without power and illegally." (P. 286.) It follows that the plaintiff in this case being expelled " without power and illegally " was not compelled to exhaust his remedies within the union.

Following appellant's trial and expulsion from the union, a commission representing the international executive board was appointed by the secretary-treasurer of the United Steel

Workers of America to investigate plaintiff's trial and expulsion. Upon completion of the investigation, the commission made and filed with the international executive board a report of its findings together with its recommendations. The trial court found that the report of the commission did not fairly and truthfully state the material facts concerning the plaintiff's trial and his expulsion from the union. The report of the commissioners concludes with the recommendation that plaintiff's appeal to the international executive board be denied but that he be given an opportunity to appear in person before the next executive board, or appeal to the international convention. Apparently the commissioners took it for granted that their recommendation would be followed by the international executive board or they would not have suggested an appeal to the next international convention. The constitution of the international union provides for biennial meetings of the international convention on the second Tuesday of May. The 1946 convention was in session at the time plaintiff was being tried. If required to await the 1948 meeting of the international convention, which was held in California, it would, in our opinion, be a denial of justice to hold that relief should be denied appellant upon the ground that he had not exhausted his remedies of appeal within the union.

Admittedly, the plaintiff did not exhaust his remedies within the union to obtain appellate review by the executive board or the international convention. It is contended by the plaintiff, however, that it would be a useless act to exhaust his remedies in the union pointing out that the union acted in bad faith in expelling him; that he was convicted on charges not constituting a violation of the constitution or by-laws of the defendant union; that the report of the commissioners appointed to investigate and make recommendations as to his appeal did not fairly and truthfully state the material facts concerning his trial and expulsion. To be compelled to urge his appeal upon an incorrect and untruthful record plaintiff insists would avail him nothing and he contends for such reasons he has a right to appeal to the courts of this State for relief.

The case before us is unlike that of *French* v. *Ladisky* (194 Misc. 549, *supra*) in that in that case the union appellate body was, by the constitution of the union, vested with jurisdiction and discretion to hear the appeal on the record as presented or it may hear the appeal by the retrial of the entire case, whereas in the case under consideration there is no such provision in the constitution of the union. It also

appeared in that case that the trial body had jurisdiction to hear the charges preferred. However, in the case under consideration the charges preferred were not in violation of the constitution of the union and the trial board had no jurisdiction to try the appellant upon such charges. In view of the lack of jurisdiction of the trial board to try appellant upon the charges preferred and of the findings of the trial court of bad faith on the part of the members of the union in expelling plaintiff from the union, and the action of the commission in failing to fairly and truthfully report the material facts concerning plaintiff's trial and expulsion from the union, it would be a useless gesture on his part to attempt to obtain any relief through the union. The union's contention that the plaintiff could not appeal to the courts until he had exhausted his remedies within the union is without merit in view of the findings of the trial court. The alleged cause of expulsion stemmed from plaintiff's working a part of his rest period. Such cause it seems to us was so trivial and unimportant as to suggest bad faith on the part of the union in dismissing him from membership therein. The testimony of defendant's witness Miller would so indicate. We are in accord with the finding of the trial court that upon the record plaintiff failed to establish any damages. It follows that the judgment should be reversed and judgment directed in favor of the plaintiff setting aside the proceedings of the union and restoring plaintiff to membership therein.

All concur. Present — TAYLOR, P. J., MCCURN, LOVE, VAUGHAN and PIPER, JJ.

Judgment reversed on the law and facts, with costs, and judgment directed in favor of the plaintiff in accordance with the opinion, with costs. Certain conclusions of law disapproved and reversed and new finding and conclusions made.