EMILE C. BINGHAM, Appellant, v. HARRY BESSLER, as Treasurer of the Garage Washers and Polishers Local Union No. 272, Affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Respondent.

First Department, April 26, 1960.

*Ronald Charles Wolf* of counsel (*Maurice Reichman* with him on the brief; *Ronald Charles Wolf,* attorney), for appellant.

*Henry Weiss* of counsel (*Stanley B. Blumberg* with him on the brief; *Cohen & Weiss,* attorneys), for respondent.

STEVENS, J. In this appeal from an order granting summary judgment to the defendant, the plaintiff, former business agent of defendant Local 272, herein called union, contends that he was wrongfully expelled and that he has exhausted his administrative remedies. He argues further that he did not abandon his job, that he is entitled to damages and that the doctrine of unclean hands is not here applicable.

Union, in opposition, contends that the appellant has failed to exhaust the remedies available to him within the organization. Union points out that the general executive board acted favorably to appellant, reversed the union's action expelling appellant and directed his reinstatement. Moreover, he was invited to appeal his expulsion from the position of business agent, an action which grew out of the same set of facts as, and had a common basis with the expulsion from membership, but he has elected not to do so. Union asserts that by reason of his own acts the appellant is not entitled to equitable or other relief, that he abandoned the job, thereby breaking the employment status, and that the evidence is clear union acted in good faith. A brief resume of the facts may illuminate the contentions of the parties.

The appellant's car was involved in an accident in which a pedestrian was killed. Subsequently he was indicted and convicted of the crime of driving while intoxicated, apparently his

third conviction of this nature. He was later sentenced to one year in jail. After his conviction but prior to his commitment, his pay was suspended and, upon commitment, union voted to terminate his job and his membership. It is conceded these acts, for they were separate, were taken without granting appellant a hearing as mandated in the constitution.

Upon appellant's release he sought restoration to membership and to position. Union refused both. Appellant appealed to the general executive board which directed reinstatement to membership, and this was done. Appellant contended that his appeal covered both job loss and membership and, by letter, sought clarification. The general president in response to appellant's letter pointed out that at the time appellant appeared before the general executive board his only request was for restoration to membership, and that was the only decision the board had to make. He was invited, if he had other charges or contentions, to take them up " under the regular procedure outlined under Article 18 of the International Constitution."

" The constitution and by-laws of an unincorporated association express the terms of a contract which define the privileges secured and the duties assumed by those who become members. As the contract may prescribe the precise terms upon which a membership may be gained, so may it conclusively define the conditions which will entail its loss." (*Polin* v. *Kaplan,* 257 N. Y. 277, 281–282; *Austin* v. *Dutcher,* 56 App. Div. 393.)

Since the term of office for which appellant was elected has expired, a fact which does not necessarily render the issue academic (cf. *Shapiro* v. *Gehlman,* 244 App. Div. 238), the claim here is actually for damages.

" It is well settled that if the action of the union is without jurisdiction, or is without notice or authority or not in compliance with the rules or constitutional provisions, or is void for any reason, the obligation to appeal within the union is not imposed, but the complaining member may resort directly to the courts." (*Tesoriero* v. *Miller,* 274 App. Div. 670, 672; *People ex rel. Deverell* v. *Musical Mut. Protective Union,* 118 N. Y. 101, 108; see *Madden* v. *Atkins,* 4 N Y 2d 283; for an excellent discussion see " The Role of Law in Preserving Union Democracy ", 72 Harv. L. Rev. 609.)

Here, however, the appellant elected to process (successfully) one phase of his grievance within the framework of the union structure, and the other phase in the courts, though the bases for both alleged wrongs are founded on identical facts. In light of the invitation extended it cannot be decisively held, or even argued with great force, that there are such obstacles that

an appeal would be illusory, futile or a vain thing (cf. *Matter of Brown* v. *Order of Foresters,* 176 N. Y. 132; *Browne* v. *Hibbets,* 290 N. Y. 459).

As pointed out, reinstatement having been directed and accomplished, the issue remaining involves compensation for job loss. It is a fact that by virtue of appellant's confinement the duties required of a business agent were not performed by him. It can hardly be disputed either that appellant by his own affirmative act set in motion the forces which culminated in the condition rendering performance impossible.

While there was a breach of the contract by a removal from office without a hearing, no fraud is charged here. Indeed, Special Term found that there was good faith. The mere fact that the ouster was violative of a constitutional provision does not *ipso facto* entitle appellant to damages in the form of unpaid compensation. Since this is an action against the union under section 13 of the General Associations Law, appellant's " right to recover damages depends upon proof of facts rendering all the members of the association liable for the sum claimed." (*Browne* v. *Hibbets,* 290 N. Y. 459, 467, *supra*; General Associations Law, § 13; *Schouten* v. *Alpine,* 215 N. Y. 225 — an action under former Code Civ. Pro., § 1919, the forerunner of General Associations Law, § 13.) In the absence of allegations and proof of fraud and bad faith or such facts as would render all the members of the association liable, recovery of damages will not be allowed. (See *People ex rel. Solomon* v. *Brotherhood of Painters,* 218 N. Y. 115, 123; *Martin* v. *Curran,* 303 N. Y. 276; *Schouten* v. *Alpine, supra.*)

In this connection and on the issue of good faith it might be well to note that subdivision (a) of section 13 of article 18 of the constitution of the International Brotherhood of Teamsters requires that " [w]hen a member is convicted of the commission of a crime or serious wrongdoing, or pleads guilty to the commission of a crime or serious wrongdoing, against the Local Union or against the community, and which crime or act of serious wrongdoing tends to bring dishonor upon the Local Union or the International Union, it shall be the duty of the Local Union to proceed to revoke the membership of such member ", etc. Under the circumstances set forth, subdivision (b) provides that the secretary-treasurer of such local union shall refuse to accept dues.

The term of office to which plaintiff was elected having expired, reinstatement cannot be directed. (We do not pass on whether or not reinstatement would be warranted.) Nor do we find on the record before us sufficient to direct an assessment of damages

for job loss, or even sufficient to warrant a declaration that plaintiff is entitled to damages.

Accordingly, the order appealed from should be affirmed on the law and the facts, with costs to defendant-respondent, but without prejudice to the institution of an action at law for damages if plaintiff be so advised.

BOTEIN, P. J., BREITEL, M. M. FRANK and McNALLY, JJ., concur.

Order unanimously affirmed on the law and on the facts, with $20 costs and disbursements to the respondent, but without prejudice to the institution of an action at law for damages if plaintiff be so advised.