John J. **RYAN** et al., Plaintiffs,

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, etc.,** et al., Defendants.

No. 64 C 1238.

United States District Court
N. D. Illinois, E. D.

May 7, 1965.

Ruff & Grotefeld, Chicago, Ill., for plaintiffs.

Benjamin L. Jacobson, Chicago, Ill., for defendants.

DECKER, District Judge.

This suit, for an injunction and damages, is being brought by three former members of the International Brotherhood of Electrical Workers (I. B. E. W.), Local Union #134 of the International Brotherhood of Electrical Workers (Local 134) and several individuals in their official capacities with either the I. B. E. W. or Local 134.

The complaint alleges that the plaintiffs were expelled from the I. B. E. W. and Local 134 in a manner which violates the plaintiffs' rights under Section 102 of the Labor-Management Reporting and Disclosure Act of 1959, Public Law 86–257, 29 U.S.C. §§ 401, 402, 411 and 412. As alleged, the basis for the expulsions was violation of Article XXVII,

Section 1 of the I. B. E. W. Constitution, which is a part of the by-laws of Local 134; this Article reads as follows:

"Any member resorting to the courts for redress for any injustice which he may believe has been done him by the I. B. E. W. or any of its L.U.'s, must first make use of the process available to him, including any appeal or appeals from any decision against him, which may be open to him within the I. B. E. W. and, failing to do so, he shall stand automatically expelled and without rights of any kind."

The plaintiffs allege that Article XXVII, Section 1, violates their rights under 29 U.S.C. § 411(a) (4), which provides, in part, the following:

"No labor organization shall limit the right of any member thereof to institute an action in any court * * *: *Provided,* That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof * * *."

29 U.S.C. § 411(b) provides:

"Any provision of the constitution and bylaws of any labor organization which is inconsistent with the provisions of this section shall be of no force or effect."

The defendants have moved to dismiss the complaint. The plaintiffs have moved for summary judgment on the issue of liability. The undisputed facts upon which this action is based are set forth in the affidavit of Russell H. Olson, Assistant to the President of the defendant I. B. E. W., these facts are the following:

1. Plaintiffs were pari-mutuel clerks working at race tracks in the Chicago area; they were officers and members of the Pari-mutuel Clerks Unit of Local Union 134, I. B. E. W.

2. In the summer of 1963, a negotiation committee from the Pari-mutuel Clerks Unit was attempting to negotiate a new agreement with a representative of the race track owners.

3. By a vote of its membership, the local unit rejected the proposals made by the representative and, finally, voted to strike.

4. On August 14, 1963, in accordance with the I. B. E. W.'s constitution, the local unit sought the permission of the International President to strike; this permission was denied on August 15, 1963.

5. At the same time, it was determined that the local was required to submit to compulsory arbitration, as provided in the existing collective bargaining agreement. The plaintiffs contended that the existing agreement did not require the local to arbitrate. This contention was made to, and was denied by, the parent union, the International Vice President of the Sixth District, and the International President.

6. On September 6, 1963, as the local was being engaged in compulsory arbitration, the plaintiffs filed their suit in the District Court for the Northern District of Illinois against Local 134 and its officers. This suit asked that the Court enjoin the defendants from proceeding with the arbitration, which the plaintiffs claimed was unauthorized. Judge Perry considered the complaint and dismissed it on defendants' motion.

7. In their appeals from the decision of expulsion, the plaintiffs stated to the International President that, if they had gone through all of the appellate procedures of the local union and of the I. B. E. W. before bringing the suit for an injunction, then the arbitration would have ended and a new contract would have been formed.

8. The plaintiffs were expelled from the Union for violating Article XXVII, Section 1, of the International Constitution after hearings were conducted by the Executive Board of the Local Union. The expulsions were affirmed upon appeals to the International Vice President and to the International President.

The issue before the Court is the validity of Article XXVII, Section 1. The plaintiffs take the position that the Article cannot be the basis for their expulsion from the Union because it violates their rights under 29 U.S.C. §§ 401 et seq. The defendants have moved to dismiss the complaint, arguing that the Article is valid; therefore, pleading expulsion under Article XXVII, Section 1, does not state a claim upon which relief could be granted. F.R.Civ.P. 12(b) (6).

The defendants contend that Article XXVII, Section 1, when read in conjunction with the statute, requires the plaintiff to exhaust their internal union remedies for four months only; that the union rule is invalid only insofar as it can be violated by an extra-union proceeding after the four month period. On this basis, the defendants contend that Article XXVII, Section 1, is a valid and enforceable regulation.

On the other hand, the plaintiffs argue that Article XXVII, Section 1, is wholly invalid because, by its terms, it requires the plaintiffs to exhaust *all* of their internal remedies without limiting the time to four months. The plaintiffs contend that, since Article XXVII, Section 1, has not been amended so that it fits within the statutory language, the violation of a void by-law cannot be the basis for their expulsion.

I have examined the statute, the legislative history, and the cases, and am of the opinion that Article XXVII, Section 1, cannot be the basis for the expulsion of a member and is invalid; however, my reasons are other than those presented by the parties.

■ 29 U.S.C. § 411 is known as the "Bill of Rights." The purpose of this legislation is apparent: to protect certain rights of union members by providing the member with access to the courts for the redress of a violation of the rights which are secured. See 29 U.S.C. § 412. Nevertheless, it was thought appropriate to give the union a chance, through internal procedures, to resolve its own problems. See 2 NLRB, Legislative History of the Labor-Management Reporting and Disclosure Act of 1959, page 1432 (Statement by Senator John F. Kennedy). Therefore, although one of the "rights" which the union member gained in Section 412 is the right to seek extra-union relief, that right is not absolute.

■ The four-month period is not an unvarying jurisdictional limitation. The statute says that the union member "*may* be required to exhaust * * *" internal remedies. (Emphasis added.) Situations can arise when the union member will be allowed to bring suit prior to the expiration of a four-month period; as Chief Judge Lumbard said, in Libutti v. Di Brizzi, 337 F.2d 216 (2d Cir. 1964):

"Section 101(a) (4) expressly incorporates the common law principle that a dispute between a union or other private association and one of its members should in general first be submitted to the association's own tribunals. But neither at common law nor under § 101 is this principle absolute, Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2 Cir.), cert. denied, 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961), and included among the traditional exceptions is the situation in which the action complained of is 'void.' Shapiro v. Gehlman, 244 App.Div. 238, 278 N.Y.S. 785 (1935); Summers, Legal Limitations on Union Discipline, 64 Harv. L.Rev. 1049, 1089 (1951).

"Voidness is an elastic concept. Because it is tied up with the merits of the claim, its indiscriminate application could reduce the exhaustion requirement to the tautology that a plaintiff can find present relief in the courts only if his claim has legal merit. See Summers, op. cit. supra, at 1091. That this is a danger, however, does not mean that it is an inevitable result of applying the exception. When conceded or easily determined facts show a serious violation of the plaintiff's

rights, the reasons for requiring exhaustion are absent: the commitment of judicial resources is not great; the risk of misconstruing procedures unfamiliar to the court is slight; a sufficient remedy given by the union tribunal would have to approximate that offered by the court. Where, as in this case, conceded facts show a serious violation of a fundamental right, we hold that plaintiffs need not exhaust their union remedies." 337 F.2d 216, 219.

See also, Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2d Cir. 1961), cert. denied, 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961); Harris v. International Longshoremen's Ass'n, Local No. 1291, 321 F.2d 801, 806 (3d Cir. 1963).

■ The decision whether the union member must exhaust his internal union remedies is not made by the union:

"It is for the *court* to determine, in the exercise of some discretion, whether or not the proviso is to be invoked." Burris v. International Brotherhood of Teamsters, etc., 224 F.Supp. 277, 280 (W.D.N.C.1963) (emphasis in original).

See also, Detroy v. American Guild of Variety Artists, supra, 286 F.2d at 78; Libutti v. Di Brizzi, supra, 337 F.2d at 219.

According to the words of the statute, the statute's purpose, and the cases, the court *may* allow a suit within four months in some circumstances. The only way a union member can discover whether the court will take his case is to file an action in the court. A union rule that requires members to avail themselves of internal procedure for four months would be valid; however, when the rule also provides for automatic expulsion in the event of violation, the member would be arbitrarily penalized for trying to obtain relief which the court might consider to be within the statute.

It would be contrary to the purposes of this enactment if a union were allowed to expel a member who is attempting only to take advantage of the rights secured for him by Congress. In most cases where there are union procedures, the member will be remitted to those remedies for four months; however, it was not the intention of Congress that the member be foreclosed from seeking judicial assistance, which may be allowed in the exceptional case.

■ Pursuant to 29 U.S.C. § 411(b), I hold that Article XXVII, Section 1, of the I. B. E. W. Constitution is of no force or effect to the extent that it provides for the expulsion of a member because he brings a suit in court.

Considering the undisputed facts in this case, it appears that the plaintiffs were expelled from the union solely because they filed a suit in the District Court on September 6, 1963.

Upon this finding and for the reasons stated above, it is hereby ordered that the plaintiffs' motion for summary judgment as to liability is granted and that the defendants' motion to dismiss the complaint is denied; it is further ordered that a hearing regarding the relief that plaintiffs request be held on May 21, 1965, at 2:00 p. m.