John J. RYAN, Thomas Monaghan and Clifford J. Beck, Plaintiffs-Appellees,

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, Local 134 of the International Brotherhood of Electrical Workers, J. W. Johnson, International Vice-President, IBEW, Thomas J. Murray, President of Local 134, IBEW, and Ralph Thompson, Chairman of The Executive Board of Local 134, IBEW, Defendants-Appellants.

No. 15259.

United States Court of Appeals Seventh Circuit.

June 10, 1966.

———◆———

Lester Asher, Chicago, Ill., Louis Sherman, Washington, D. C., Benjamin L. Jacobson, Chicago, Ill., Charles R. Donnenfeld, Washington, D. C., for appellants.

John J. Reynolds, Ruff & Grotefeld, Chicago, Ill., for appellees.

Before DUFFY, CASTLE and KILEY, Circuit Judges.

KILEY, Circuit Judge.

Defendants appeal from a summary judgment [1] which decided that plaintiffs were unlawfully expelled from membership in Local 134 for violation of a provision of the International Union's constitution, which the district court found invalid as violating the "Bill of Rights" of members of labor organizations in the Labor-Management Reporting and Disclosure Act (LMRDA) of 1959. Ryan v. International Brotherhood of Electrical Wkrs., 241 F.Supp. 489 (N.D.Ill.1965). We affirm.

There is no controversy over the facts: Plaintiffs were pari-mutuel clerks employed at race tracks in the Chicago area and were members and officers of the Pari-Mutuel Clerks Unit of Local 134. In the summer of 1963 negotiations between a committee of the Unit and a representative of the track owners failed to reach a new bargaining agreement, and the Unit voted to strike.

In accordance with the International's constitution,[2] binding on all members of local unions, Local 134, on behalf of the Unit, sought, on August 14, 1963, permission of the International President to conduct the strike. Permission was denied on August 15, and the Local was remitted to the compulsory arbitration procedure of the existing agreement, over plaintiffs' objection that the agreement did not require the Local to arbitrate. Plaintiffs did not appeal this decision to the Executive Council or Convention, which is permitted by Section 13 of Article XVII. · The Local submitted to arbitration, but plaintiffs on September 6, 1963 filed suit in the District Court for the Northern District of Illinois, seeking to enjoin the arbitration. That suit was

---

1. Plaintiffs' suit seeks both injunctive relief and damages; summary judgment was granted "as to liability." We granted leave to appeal under 28 U.S.C. § 1292 (b) upon the district court's certificate that a controlling question of law as to which there is substantial ground for difference of opinion is involved.

2. Article XVII, Section 13, provides that no local union "shall cause or allow a stoppage of work in any controversy of a general nature before obtaining consent" of the International President. This section also provides that the President's decision is appealable to the International's Executive Council and its Convention.

dismissed on defendant's motion on October 18, 1963. In the meantime, charges were filed against plaintiffs with the Executive Board of the Local, resulting in their expulsion. They were given copies of the charges and notice of hearing, and accorded a full hearing with opportunity to defend, were found guilty and expelled from membership. Pursuant to the International constitution, plaintiffs appealed these decisions to the International Vice-President, and subsequently to the International President, who affirmed the expulsion decisions on March 30, 1964.

Plaintiffs were expelled because, by filing their suit of September 6, 1963, to enjoin the arbitration, they did not comply with Article XXVII, Section 1, of the International constitution, which provides:

Misconduct, Offenses and Penalties

Sec. 1. Any member resorting to the courts for redress for any injustice which he may believe has been done him by the I.B.E.W. or any of its [Local Unions], must first make use of the process available to him, including any appeal or appeals from any decision against him, which may be open to him within the I.B.E.W. and, failing to do so, he shall stand automatically expelled and without rights of any kind.

They filed this suit and the judgment before us followed.

The essence of the amended complaint is that it would take "a minimum of time far in excess of four months" to properly utilize the International's process of appeal, therefore making Article XXVII, Section 1, inconsistent with Section 101 (a) (4) of the LMRDA of 1959, 29 U.S.C. § 411(a) (4), which provides in part:

(4) Protection of the right to sue.— No labor organization shall limit the right of any member thereof to institute an action in any court, * * * irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, * * * *Provided,* That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal * * * proceedings against such organizations or any officer thereof * * *.

and that the constitutional provision is therefore void, under Section 101(b) of the LMRDA, 29 U.S.C. § 411(b), which makes "[a]ny provision of the constitution and bylaws of any labor organization which is inconsistent with the provisions of this section * * * of no force or effect." [3]

Thus, the issue for decision is, as it was for the district court, whether Article XXVII, Section 1 of the International constitution can properly be the basis for the union discipline here involved.

The district court held that Section 1 of Article XXVII is of "no force or effect to the extent that it provides for the expulsion of a member because he brings a suit in court." The court thought that the term "may be required" in the proviso of Section 101(a) (4) of the LMRDA implied that a suit could be brought in some circumstances (e. g., where the action complained of is "void") prior to the expiration of a four month period; that these justifying circumstances could be determined only by bringing suit to see if the court will accept the case; and that an automatic expulsion of members for bringing suit "would be" arbitrary in view of Section 101 of the LMRDA.

Plaintiffs contend that the appellate procedures in the union constitution were unreasonable because they provided for automatic expulsion if all procedures were not exhausted, and that since the ultimate appeal might take four years because the International Convention was not required to meet except every four

---

**3.** Section 102 of the Act, 29 U.S.C. § 412, allows any person whose rights, secured by this subchapter, have been infringed by a violation of the subchapter to bring an action "for such relief (including injunctions) as may be appropriate."

years, the four month limitation of Section 101(a) (4) is violated and the constitutional provision of no force and effect.

The district court did not rest its decision upon that contention. The court in substance decided that the provision of the union constitution was offensive to Section 101(a) (4), 29 U.S.C. § 411(a) (4), because it provided for expulsion even if a member brought suit as a necessary step to determination whether he had an "exceptional case" lying beyond the reach of the required exhaustion of remedy provision. In other words, the court presumably had the opinion that any member could bring suit for determination whether he had an exceptional case, with impunity against union discipline for violation of the constitutional provision.

The question before us, therefore, is whether the protected right of a union member to sue his union, or its officers, may be so subjected to appellate procedures and rules by the union constitution that a member risks expulsion by merely seeking a court's determination that he has a case not subject to the regulations in the union constitution. The parties have not referred us to any case, nor have we found any, which has decided the question.

The Union admits that courts may, when the rule of exhaustion of remedies is posed as a defense to a member's suit, exercise discretion whether to require that internal union remedies be exhausted. The Union claims, however, that it has the right to discipline a member by expulsion should a member bring a suit without having first exhausted reasonable union procedures for review. In other words, that the Union may expel a member for bringing a suit if the court's discretion is exercised in favor of the defense of exhaustion of remedies and the suit dismissed as premature.[4]

The Second Circuit in Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2d Cir.), cert. denied, 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961), and the Third Circuit in Harris v. International Longshoremen's Ass'n, Local 1291, 321 F.2d 801 (3rd Cir. 1963), decided appeals from judgments dismissing suits of members, under Section 101 of the LMRDA, for failure to exhaust appellate remedies provided in union constitutions. In Detroy the district court's dismissal of a member's suit for prematurity was reversed; in Harris the district court's dismissal of a member's suit for the same reason was affirmed. These cases illustrate the Union's admission that courts have discretion whether a member's suit will, or will not, be entertained depending upon the circumstances of the case presented.[5] The suit in this case, filing of which resulted in plaintiffs' expulsion, was similar to those in Detroy and Harris in so far as it too was filed without exhausting remedies in the constitution. But the case now before us is different from them and the question presented to us unique because the Union claims the right to expel the member upon the fortuitous event that the suit he presents is not exceptional and is dismissed.[6]

4. A reference to section 1 of Article XXVII of the International's constitution in the body of this opinion will show that the claim of the Union made here is narrower than the broad language of the provision itself would accommodate.

5. Besides these cases, and others relied on by the court below, 241 F.Supp. at 492–93, several other cases also consider the relationship between the exhaustion doctrine and the protections of the "Bill of Rights" in the LMRDA: e. g., Simmons v. Avisco, Local 713, Textile Workers Union, 350 F.2d 1012, 1016–1017 (4th Cir. 1965); McCraw v. United Ass'n of Journeymen, 341 F.2d 705, 711 (6th Cir. 1965); Sheridan v. United Brotherhood of Carpenters, 306 F.2d 152 (3rd Cir. 1962) (concurring and dissenting opinions); and Thompson v. New York Central Railroad Co., 250 F.Supp. 175, 176–177 (S.D.N.Y.1966).

6. It does not appear from the record before us why the plaintiffs' suit of Sept. 6, 1963, was dismissed. Defendants inform us that "failure to exhaust" was a principal ground relied on in the motion to dismiss. Counsel for plaintiffs, on oral argument, asserted it was dismissed for mootness.

946

This claim of the Union, it seems to us, makes a member's bringing of a suit against a union or its officers too chancy a gamble for the member and effectually blocks access to the courts by placing the member in the dilemma of swallowing the grievance about which he wishes to sue (and against which the court might grant immediate and necessary relief), or suing upon the speculation that he will be safe from expulsion by the court's discretion being exercised in his favor.

Congress cannot have intended to burden the protection it gave union members, in their right to sue in the "Bill of Rights" of the LMRDA, with the hazard that is clear in defendants' claim. The right of free access to our courts is too precious a right to be curbed by the risky prediction that the judge's discretion may, like a lucky roll of dice, turn up in favor of the suitor.

We hold that the Union constitution provision, Section 1 of Article XXVII, as construed by the Union, is inconsistent with Section 101(a) (4) of the LMRDA, 29 U.S.C. § 411(a) (4), and is of no force and effect under Section 101(b) of the Act, 29 U.S.C. § 411(b), and that plaintiffs' expulsion, predicated solely upon their violation of that Union provision, i. e., for bringing suit to restrain Local 134 from arbitrating the dispute without resort to the Union internal remedies, is unlawful, and that the district court did not err in setting the expulsion aside.

Our conclusion is kindred to that of the Court of Appeals of the District of Columbia in affirming, in Roberts v. NLRB, 121 U.S.App.D.C. 297, 350 F.2d 427 (1965), the Board's decision that a union was guilty of an unfair labor practice in fining a member for filing charges before the Board without having exhausted internal union remedies. This conduct was said to be an attempt to regulate "members' access to the Board's processes." A different conclusion could result where a member resorts to suit for purposes of harassment. See Roberts v. NLRB, 121 U.S.App.D.C. 297, 350 F.2d at 430.

The judgment is affirmed.