387 F.2d 778
 John J. RYAN, Thomas Monaghan and Clifford J. Beck,
Plaintiffs-Appellees,
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, and Local
No. 134, International Brotherhood of Electrical
Workers, Defendants-Appellants.
 No. 16261.
 United States Court of Appeals Seventh Circuit.
 Dec. 12, 1967.
 
 Benjamin L. Jacobson, Irving D. Levin, Lester Asher, Chicago, Ill., for defendants-appellants, Asher, Greenfield, Gubbins & Segall, Chicago, Ill., of counsel.
 John J. Reynolds, Ruff & Grotefeld, Chicago, Ill., for plaintiffs-appellees.
 Before HASTINGS, Chief Judge, and KILEY and CUMMINGS, Circuit Judges.
 HASTINGS, Chief Judge.
 
 
 1
 Plaintiffs Ryan, Monaghan and Beck brought this action in the district court against International Brotherhood of Electrical Workers (Brotherhood) and Local 134 of the Brotherhood (Local 134), together with several individuals in their official capacities with either the Brotherhood or Local 134. They sought injunctive relief and the recovery of damages claimed to have resulted from their alleged wrongful expulsion from Local 134.
 
 
 2
 The issues of liability and damages were separated for trial. The liability question was tried to the court, without the intervention of a jury. The trial court granted summary judgment against defendants, holding that plaintiffs were unlawfully expelled from membership in Local 134 for violation of a provision of Brotherhood's constitution. The trial court found this provision invalid as violating the 'Bill of Rights' of members of labor organizations as set out in 102 of the Labor-Management Reporting and Disclosure Act of 1959, Public Law 86-257, 29 U.S.C.A. 401, 402, 411 and 412. Ryan v. International Brotherhood of Electrical Wkrs., N.D.Ill., E.D., 241 F.Supp. 489 (1965).
 
 
 3
 On appeal to this court, we affirmed. Ryan v. International Brotherhood of Electrical Wkrs., 7 Cir., 361 F.2d 942 (1966). A petition for writ of certiorari was denied on November 7, 1966, 385 U.S. 935, 87 S.Ct. 296, 17 L.Ed.2d 215. Reference is now made to the above reported decisions for a statement of the facts, issues and reasons for the resulting decisions. There is no need to further state them in this opinion.
 
 
 4
 Following determination of the issue of liability, the issue of damages was tried to the district court, without a jury. The trial court entered findings of fact and conclusions of law favorable to plaintiffs on March 20, 1967. On the same date, a judgment was entered in favor of each of three plaintiffs against defendants. Ryan was awarded $23,558.75; Beck the sum of $24,000.00; and Monaghan the sum of $23,086.10. This appeal followed.
 
 
 5
 The trial court found, inter alia, that plaintiffs were entitled to recover damages sustained from the date of their wrongful expulsion from Local 134 (about December, 1963) up until November 17, 1966, the date of the issuance of the mandate of this court following denial of certiorari in the prior appeal herein. That no voluntary offer of reinstatement of plaintiffs as members in good standing of Local 134 had been made. That for many years prior to their wrongful discharge, plaintiffs were engaged and employed as pari-mutuel clerks at each of the Chicago area race tracks and worked at each race meeting, including thoroughbred racing as well as harness racing. That under the provisions of the collective bargaining agreements between each of such race tracks and Local 134, no pari-mutuel clerk could be employed unless he was a member in good standing of Local 134.
 
 
 6
 The trial court further found that plaintiffs were entitled to recover those wages they would have earned had they been employed at the Chicago area race tracks from January 1, 1964, to November 17, 1966. That during this critical period each plaintiff would not have worked every day at every race meeting but would lose some time from work because of illness or personal reasons.[1] That during this same period each plaintiff sought and obtained various types of employment.
 
 
 7
 It was further found that plaintiff Monaghan, during the critical period, received Social Security payments of $300.00 per month.
 
 
 8
 The record shows that plaintiff Ryan had worked part time during 1963 as a taxi-driver, prior to his discharge, and would have continued such employment during the critical period. The trial court found that Ryan earned in 1963 as a taxi-driver the sum of $1,355.83, in excess of his earnings at the Chicago area race tracks in 1963 prior to his discharge.
 
 
 9
 It was further found that defendants were entitled to a reduction by way of mitigation of all sums earned by plaintiffs during the critical period, except for the sum of $4,067.45 plaintiff Ryan would have earned during this period in excess of what his race track earnings would have been.
 
 
 10
 As to plaintiff Monaghan, it was found that defendants were entitled to credit, by way of mitigation, for all receipts by him from the Social Security Administration during the critical period; provided, however, that should Monaghan be required by law to repay such benefits to the Social Security Administration, then defendants should then reimburse Monaghan for such repayments for which they were allowed as credits toward his damages; and provided, further, that defendants should have the right to contest all such claims for repayment to the Social Security Administration and that any such reimbursements due Monaghan by defendants be made only after a full and complete finding or legal determination should have been made.
 
 
 11
 Following a bench trial concerning all the foregoing items, the trial court made findings of the respective amounts due each plaintiff, after allowing defendants all credits due them by way of mitigation, such awards being in the sums for which judgment was rendered, as hereinabove set out.
 
 
 12
 All questions of liability having been determined in the prior appeal, the sole question for review here is whether there is sufficient evidence in the record, considered as a whole, to sustain the findings of fact made by the trial court in support of its legal conclusions favorable to plaintiffs in making such awards to the respective plaintiffs.
 
 
 13
 Findings of fact made by a district court in a bench trial 'shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.' Rule 52(a), Federal Rules of Civil Procedure, Title 28, U.S.C.A.
 
 
 14
 On review of the record as a whole, and after careful consideration of the several contentions urged by defendants on this appeal, we have no difficulty in concluding that the record adequately supports the findings made by the trial court and we cannot say they are clearly erroneous.
 
 
 15
 We agree with the trial court that each plaintiff made a reasonable attempt to mitigate the damages accrued to him, actively seeking employment during the critical period at issue. In fact, each plaintiff did secure some outside employment, as evidenced by the rather substantial credits allowed defendants by way of mitigation. The total savings to defendants by way of mitigation amounted to more than $44,000, including Monaghan's Social Security benefits. We need not recite the evidence as to these particulars.
 
 
 16
 Further, we agree with the trial court that defendants made no voluntary offer of reinstatement to plaintiffs of membership in Local 134. We are in further agreement that the trial court correctly determined the critical period of time during which plaintiffs were entitled to recover to be from January 1, 1964, to November 17, 1966, and correctly determined the measure of damages to be applied.
 
 
 17
 In short, we conclude that this case was fully and fairly tried and that substantial justice has been done.
 
 
 18
 Finding no prejudicial error, the judgment appealed from will be affirmed.
 
 
 19
 Affirmed.
 
 
 
 [1]
 Defendants were allowed a reduction, by way of mitigation, in the amount of wages each plaintiff would have received for working ten calendar days, both day and night, for each of the years 1964, 1965 and 1966, to cover this contingency