■ JOSEPH MARAIA et al., Appellants, v PAUL VALENTINE, Respondent. [801 NYS2d 608]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Nelson, J.), dated February 12, 2004, which granted the defendant's motion, in effect, to vacate so much of a prior order of the same court dated October 14, 2003, as, upon searching the record, awarded summary judgment in favor of the plaintiffs, and (2) a judgment of the same court dated April 28, 2004, which, upon a jury verdict, is in favor of the defendant and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiffs brought the instant action against the defendant, an electrical contractor, to collect fines levied against him for operating a nonunion business. The defendant contended that the plaintiffs failed to comply with the constitution and bylaws of the plaintiff Local 363, International Brotherhood of Electrical Workers, AFL-CIO (hereinafter the Union), by failing to bring the charges within 60 days of becoming aware of the alleged violations.

The Supreme Court properly vacated so much of its original order, as upon searching the record, awarded summary judgment in favor of the plaintiffs. The defendant demonstrated the existence of a triable issue of fact with respect to whether the plaintiffs failed to comply with the Union's constitution and bylaws (*see Matter of Allen v New York City Tr. Auth.*, 109 Misc 2d 178 [1981]; *Caliendo v McFarland*, 13 Misc 2d 183 [1958]). Moreover, " '[i]t is well settled that if the action of the union is without jurisdiction, or is without notice or authority or not in compliance with the rules or constitutional provisions, or is void for any reason, the obligation to appeal within the union is not imposed, but the complaining member may resort directly to the courts' " (*Bingham v Bessler*, 10 AD2d 345, 347 [1960], *affd* 9 NY2d 1000 [1961], quoting *Tesoriero v Miller*, 274 App Div 670, 672 [1949]; *Rodier v Huddell*, 232 App Div 531 [1931]).

The plaintiffs' remaining contention is unpreserved for appellate review and, in any event, is without merit. Cozier, J.P., S. Miller, Mastro and Rivera, JJ., concur.