■ CHRIS A. BRIGNOLA, Appellant, v. ANTHONY F. BARBIERI, Individually and as International Representative United Steel Workers of America, AFL-CIO, et al., Respondents.— Appeal from an order of a Special Term of the Supreme Court, Schenectady County. In this action against the local of a union of which plaintiff is a member, the complaint has been dismissed without prejudice for failure to state a cause of action. The complaint alleges that charges were made on February 9, 1959 against plaintiff and entertained by the local at a time beyond the 60-day limitation on making and entertainment of charges fixed by the union rules, measured by the time when "complainant became aware of the alleged offense". The court will not review an initial determination of a labor union under its own charter or by-laws until the member complaining of the interpretation has shown that he has exhausted all remedies available to him within the union; or that it would be futile to seek intramural relief by union machinery for review (Havens v. King, 221 App. Div. 475, affd. sub nom. Havens v. Dodge, 250 N. Y. 617; Browne v. Hibbets, 290 N. Y. 459, 465; cf. Madden v. Atkins, 4 N Y 2d 283). The only allegation in the complaint in this respect is that plaintiff "has exhausted all of his available remedies" under the International constitution and local by-laws. But there is no factual averment that plaintiff has done anything to review within the union the acceptance by the local of charges against him on February 9, 1959. He presents no question for judicial examination by the mere fact of his disagreement with the local on the time limit for receiving and accepting a charge. Indeed, he does not plead that he has even raised that question before the local. The further allegation of the complaint that a determination of the local " pertaining to plaintiff's eligibility to run for * * * office" at the local's election in June, 1958 was wrong presents no justiciable issue. We are unable to tell from a liberal reading of the pleading why plaintiff contends this determination was wrong. Plaintiff alleges he filed an appeal to the International on July 2, 1958 which had not been acted upon six months later when the action was commenced; but if the appeal to the International was as indefinite as the cause pleaded here it would not seem to call for any action; and in any event no showing of sufficiency of that appeal within the International's constitution or the unreasonableness of failure to respond to it within six months is shown. On the whole complaint plaintiff does not make out a cause for relief by injunction which he seeks. The court was right in dismissing the complaint against the officers of the local sued individually, within section 16 of the General Associations Law. Although other questions are argued in appellant's brief these are the only matters decided by the order from which the appeal is taken. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.