**LONG ISLAND CITY LODGE 2147 OF the BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYEES, an unincorporated association, et al., Plaintiffs,**

v.

**RAILWAY EXPRESS AGENCY, INCORPORATED, et al., Defendants.**

United States District Court
S. D. New York.
March 1, 1963.

Francis E. Dorn, Brooklyn, N. Y., for plaintiffs.

Robert E. Johnson, New York City, for defendant Railway Express Agency.

Mulholland, Robie & Hickey, Washington, D. C., Reilly & Curry, New York City, for defendants Daniel J. Sullivan, Joseph P. Dolan, Robert Morgan and Robert Devlin.

LEVET, District Judge.

The corporate defendant, Railway Express Agency, Incorporated ("Railway Express") and the individual defendants, as officers of the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees ("Brotherhood") move to dismiss this action for failure to state a cause of action and lack of jurisdiction over the subject matter, or, in the alternative, for summary judgment. The plaintiffs are the Long Island City Lodge 2147 of the Brotherhood, certain officers of the Lodge and certain individual members and employees of Railway Express.

The dispute concerns the seniority rights of the plaintiffs. The basic collective bargaining agreement between the Brotherhood and Railway Express provided for separate seniority districts. When, in March, 1958, the Baltimore and Ohio Railroad indicated its intention to discontinue passenger service between Washington, D. C. and the Communipaw Terminal in Jersey City, Railway Express and the Brotherhood entered into a "Special Agreement" on April 16, 1958, providing for the transfer of work and positions from the Communipaw Terminal to other terminals operated by Railway Express. This required the transfer of men from one seniority district to another. Among the positions transfer-

red were 65 from the Communipaw Terminal to the Long Island City Terminal to be filled by employees on the seniority roster at the Communipaw Terminal.

The Communipaw Terminal did not immediately close down but continued to operate with a reduced force until early August, 1961, when it was completely closed and abandoned. On July 31, 1961, Railway Express and the Brotherhood entered into a "Second Special Agreement" for an additional transfer of employees from the Communipaw Terminal to the Long Island City Terminal with their seniority rights preserved. The complaint alleges that this second transfer resulted in the plaintiffs' loss of seniority and other employment rights.

The complaint is framed in three counts. The first count alleges in substance that the "Second Special Agreement" of July 1961 violated the 1958 "Special Agreement" (Pars. 24, 32). The second count alleges that the actions taken under the agreement of July 31, 1961 "were arbitrary, in bad faith and inequitable and constituted hostile discrimination against the plaintiffs." The third count alleges that the action transferring the employees violated the basic collective bargaining agreement of 1949 between Railway Express and the Brotherhood.

### THE FIRST COUNT

■ The Railway Labor Act, Section 3 First (i), 45 U.S.C. § 153, places exclusive primary jurisdiction in the Railroad Adjustment Board of "disputes * * * growing out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules or working conditions * * *." Pennsylvania R. R. v. Day, 360 U.S. 548, 79 S.Ct. 1322, 3 L.Ed.2d 1422 (1959); Slocum v. Delaware, L. & W. R.R., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795 (1950). The issue is whether the first count, which seeks enforcement of the 1958 "Special Agreement" is within the exclusive jurisdiction of the Board.

In Ferro v. Railway Express Agency, Inc., D.C.S.D.N.Y.1960, 183 F.Supp. 417,

aff'd in part, 2 Cir. 1961, 296 F.2d 847, the court held that a claim alleging that the "Special Agreement" violated the basic collective bargaining agreement between the Brotherhood and Railway Express was within the primary jurisdiction of the Railroad Adjustment Board. Plaintiffs contend that the Ferro case is not controlling because the plaintiffs here seek to enforce the 1958 Agreement. The distinction is without merit. It seems clear that if the determination of whether the 1958 "Special Agreement" violated the basic collective bargaining agreement was within the exclusive jurisdiction of the Board, then the determination whether the 1961 "Second Special Agreement" violated the 1958 "Special Agreement" is similarly committed to the jurisdiction of the Board. The Ferro case is controlling, and exclusive jurisdiction of the first count lies with the Railroad Adjustment Board. Accordingly, the first count is dismissed as to all defendants because of the lack of this court's jurisdiction.

### THE SECOND COUNT

■ The second count alleges hostile discrimination by both defendants against plaintiffs. With respect to this claim, no primary jurisdiction is vested in the National Railroad Adjustment Board. Ferro v. Railway Express Agency, Inc., 2 Cir. 1961, 296 F.2d 847 and cases cited therein.

The individual defendants, officers of the Brotherhood, allege, however, that the plaintiffs have failed to plead and did not actually exhaust their internal remedies within the union under the organization's governing laws.

■ The plaintiffs do not allege in the complaint that they have exhausted their remedies within the union or an adequate reason for their failure to do so. The Brotherhood does provide internal remedies which have been held to be adequate. See, e. g., Gainey v. Brotherhood of Railway & Steamship Clerks, 3 Cir. 1960, 275 F.2d 342; Fagan v. Pennsylvania Ry. Co., M.D.Penn.1959, 173 F.Supp. 465. In a case such as this, exhaustion of inter-

nal union remedies or an adequate reason for the failure to do so is a prerequisite to suit. Both the law of New York (Brignola v. Barbieri, 11 A.D.2d 893, 203 N.Y.S.2d 370) and federal law (Tunstall v. Brotherhood of Locomotive Firemen & Enginemen, 323 U.S. 210, 213–214, 65 S.Ct. 235, 89 L.Ed. 187 (1944)) require the exhaustion of any intramural remedies.

■ The individual defendants urge that the court should grant summary judgment since there is no dispute as to the fact that the plaintiffs failed to exhaust their intraunion remedies. The plaintiffs, in their memorandum, claim, albeit inartistically, "futility" as a defense to their failure to exhaust their union remedies. While the mere claim of futility, without more, will not suffice (Smith v. General Truck Drivers Union, S.D.Cal.1960, 181 F.Supp. 14), the plaintiffs should be given an opportunity to plead the reasons for their failure, without prejudice to the defendants' right to move against the amended complaint.

■ The second count is dismissed as to the individual defendants for failure to state a claim upon which relief can be had. The plaintiffs have leave within twenty days from the date of the signing of an order hereunder to amend their complaint with respect to the second count to plead the exhaustion of intraunion remedies or reasons for their failure to do so.

■ As against the defendant-employer Railway Express under the second count, the gravamen of the action is that Railway Express acted from a motive to discriminate or with knowledge that the Brotherhood was discriminating. Ferro v. Railway Express Agency, Inc., 2 Cir. 1961, 296 F.2d 847. Paragraph 49

of the complaint alleges that all the actions taken by the defendants were "arbitrary, in bad faith and inequitable and constituted hostile discrimination against the plaintiffs." This is sufficient to allege a claim against Railway Express for hostile discrimination against the plaintiffs or their complicity in the alleged discrimination by the Brotherhood. Cf. Conely v. Gibson, 355 U.S. 41 (1957); But see Ferro v. Railway Express Agency, Inc., 2 Cir. 1961, 296 F.2d 847.[1]

■ The fact that a complaint states a valid claim of discrimination against the Brotherhood does not make the employer a necessary party. Ferro v. Railway Express Agency, Inc., supra. However, as the court stated in Cunningham v. Erie R.R., 2 Cir. 1959, 266 F.2d 411, 416:

"If the District Court has jurisdiction to proceed against the union it is clear, we think, that it has power to adjudicate the claim against the railroad. It would be absurd to require this closely integrated dispute to be cut up into segments. * * *"

See Ferro v. Railway Express Agency, Inc., supra.

### THE THIRD COUNT

■ The third count alleges a violation of the 1949 collective bargaining agreement between Railway Express and the Brotherhood. This is clearly within the exclusive primary jurisdiction of the Railroad Adjustment Board. Ferro v. Railway Express Agency, Inc., S.D.N.Y. 1960, 183 F.Supp. 417, aff'd in part, 2 Cir. 1961, 296 F.2d 847. Accordingly, the third count is dismissed for lack of jurisdiction.

---

1. In Ferro, a case arising out of the same factual background, the complaint was held insufficient as alleging a cause of hostile discrimination against the employer. As against Railway Express the complaint alleged:

"17. That said 'Special Agreement' was and is in violation of the Railway Labor Act, U.S.C. Title 45, Section 152,

in that it constitutes hostile discrimination as against plaintiffs in favor of defendant Railway Express's employees at the terminals to which the positions and work involving positions were transferred."

(Plaintiffs-Appellants Appendix, p. 20a., 2 Cir., Docket No. 26358)

The first and third counts are dismissed as to both Railway Express and the individual defendants. The second count is dismissed only with respect to the Brotherhood with leave to the plaintiffs to amend their complaint within thirty days from the entry date of an order on this motion to plead either exhaustion of their union remedies or an adequate reason for their failure to do so.

Settle order on notice.

