Ralph A. WADE, Walter B. Kyle, Willie F. Garmon, Individually for themselves and for others similarly situated, Plaintiffs,

v.

SOUTHERN PACIFIC COMPANY, Switchmen's Union of North America, and H. P. Watson, Defendants.

Civ. A. No. 65–H–212.

United States District Court
S. D. Texas,
Houston Division.

Dec. 22, 1965.

Schmidt & Garrett, George L. Schmidt, Houston, Tex., for plaintiffs.

Baker, Jordan, Shaw & Foreman, Jim Foreman, Dallas, Tex., Combs & Mitchell, W. Arthur Combs, Houston, for defendants Switchmen's Union of North America and H. P. Watson.

Baker, Botts, Shepherd & Coates, V. R. Burch, Jr., Houston, Tex., for defendant Southern Pac. Co.

NOEL, District Judge.

After consideration of the motions to dismiss filed by the defendants Southern Pacific Company, Switchmen's Union of North America, and H. P. Watson, this Court in its Memorandum and Order of July 8, 1965, 243 F.Supp. 307, invited defendants to submit evidence in support of said motions that:

"(1) contract grievance procedures existed which the plaintiffs did not request the union to pursue on their behalf, and/or

"(2) that internal union grievance procedures existed and although the union was requested to process the employee's grievance, which it failed to do, the employee did not pursue a complaint for failure to do so against the union through its internal grievance procedure."

In response, defendants Switchmen's Union of North America and H. P. Watson filed the following exhibits on July 23, 1965:

Exhibit A—Copy of the currently effective labor agreement governing rates of pay and working conditions for yardmen.

Exhibit B—Letter of July 13, 1965 from the Personnel Department of the Southern Pacific Company stating that no claims relating to plaintiffs' allegations have been filed.

Exhibit C—Sworn statement of a vice-president of the Switchmen's Union of North America that none of the plaintiffs have requested the Union to institute grievance proceedings under Article 23 of the Agreement (Def's. Exhibit A).

The Court's attention was directed to Article 23, Section 1 of the Agreement (Def's. Exhibit A), which provides:

"Yardmen having grievances will present them within 90 days from the date they are first aggrieved. In the event of their failure to do so, their rights to make complaint shall cease. Should two or more men be aggrieved from the same cause, it will be the duty of the senior yardman to present the grievance. Should he fail to do so, he shall forfeit his rights to the next junior member, who will have an additional month in which to present the grievance; limit of time and rights to govern additional persons aggrieved. *This article not to apply to seniority list.*" (Emphasis added)

Plaintiffs correctly submit in their Reply to Defendants' Evidence Submitted, filed July 30, 1965, that no internal union grievance procedures are available to them, as none of the plaintiffs are members of the Switchmen's Union of North America. They also contend that Article 23 of the Agreement (Def's. Exhibit A) provides no contractual avenue by which their complaints can be presented, as problems involving seniority lists are specifically excluded in the last sentence thereof.

This phase of the pleading became complete on August 10, 1965, when defendant Southern Pacific Company submitted its evidence in support of its motion to dismiss. This evidence consists

of the sworn statement of the Manager of Personnel of the Southern Pacific Company at Houston, Mr. J. D. Davis, that:

(1) The last sentence of Article 23 (hereinbefore quoted) does not bar grievances concerning seniority lists, but, rather, exempts seniority grievances from the time limitations imposed by said Article.

(2) A procedure does exist whereby plaintiffs could have brought their seniority-list grievance before railroad officials.

(3) Plaintiffs' union, the Brotherhood of Railroad Trainmen, has in fact availed itself of such procedure in other, past cases for the purpose of asserting grievances concerning seniority status of Southern Pacific Company employees.

■ At a pretrial conference held on October 12, 1965 in connection with defendants' motions to dismiss, plaintiffs requested the opportunity to present testimony in support of their contention that no contractual grievance procedures are available to them through which they can obtain redress for their alleged wrong. This request was granted and a hearing was held on November 15, 1965, at which time Mr. Odes Jackson, the General Chairman of the Brotherhood of Railroad Trainmen, was called as the sole witness for the plaintiffs. On cross-examination, however, Mr. Jackson admitted knowledge of past instances in which contract grievance procedures had been applied to seniority matters. I find, therefore, that the affidavit of Mr. Davis, which I hereby accept as true, has been substantiated rather than refuted by the testimony of Odes Jackson, and reiterate from the Court's Memorandum and Order of July 8, 1965 that these contractual procedures must be exhausted before suit is brought in court.

■ ■ Leave of Court was granted on November 15, 1965 to plaintiffs to file an amended complaint which differs from the original in that it contains the allegation that H. P. Watson was advanced on the seniority list by means of a *new agreement* between the Railroad and Union defendants. Plaintiffs urge that such an agreement cannot be characterized as a grievance. I do not agree. While seniority rights are not inherent in the employment relationship, but exist only by reason of contract, McMullans v. Kansas, Okla. & Gulf Ry. Co., 229 F.2d 50 (10th Cir.1956), it does not follow that a change in seniority status, even if accomplished by an amendment to the collective bargaining agreement, is not subject to contract grievance procedures. See: Long Island City Lodge 2147, etc. v. Railway Express Agency, Inc., 217 F.Supp. 907 (S.D.N.Y.1963); Fagan v. Pennsylvania R. R., 173 F.Supp. 465 (M. D.Pa.1959). That the choice of whether seniority status is to be changed by grievance procedures or by contract amendment is viewed as inconsequential is apparent from the following language found in Mr. Justice Goldberg's concurring opinion in Humphrey v. Moore, 375 U.S. 335, at 353, 84 S.Ct. 363, at 374, 11 L.Ed.2d 370 (1963):

"However, even in the absence of such a clause, the contracting parties—the multiemployer unit [footnote omitted] and the union—were free to resolve the dispute by amending the contract to dovetail seniority lists or to achieve the same result by entering into a grievance settlement."

Having found complaints relating to seniority to be not barred from contract grievance procedures by the last sentence of Section 1, Article 23 of the Agreement (Def's. Exhibit A), I find the result earlier indicated to be unaffected by this newest allegation in the amended complaint.

Defendants' motions to dismiss are therefore granted, but without prejudice to the filing of a new complaint by the plaintiffs upon a showing that contractual grievance procedures have been exhausted within the meaning of the authorities cited in the Court's Memorandum and Order of July 8, 1965. This action constitutes a Final Judgment in this case.