Charles THOMPSON et al., Plaintiffs,

v.

The NEW YORK CENTRAL RAILROAD COMPANY, the Brotherhood of Railway Carmen of America, and New York City Lodge 1085 of the Brotherhood of Railway Carmen of America, Defendants.

United States District Court
S. D. New York.

Jan. 28, 1966.

Bromsen & Gammerman, New York City, for plaintiffs; Burton H. Hall and Ira Gammerman, New York City, of counsel.

Reilly, Curry & Gibbons, New York City, and Mulholland, Hickey & Lyman, Washington, D. C., for defendants; David T. Gibbons, New York City, and Edward J. Hickey, Jr., Washington, D. C., of counsel.

METZNER, District Judge.

Defendants Brotherhood of Railway Carmen of America and New York City Lodge 1085 of the Brotherhood move pursuant to Fed.R.Civ.P. 12(b) to dismiss the complaint. Plaintiffs are members of defendant union and are employed by the New York Central Railroad Company at the Grand Central Terminal. Plaintiffs have asserted that an agreement was entered into on August 18, 1965 between defendant union and the railroad whereby the seniority dates which employees held at the Mott Haven Yard were preserved for them and inserted upon their transfer to Grand Central Terminal on the roster with those already working at the latter facility. This process is commonly known in the railroad industry as "dovetailing." Plaintiffs' view is that, in making the decision to dovetail, the union did not represent them fairly and was in effect disciplining them for criticism that plaintiffs had made of the way finances were handled by the defendant union.

Plaintiffs assert that their seniority status and job rights will be irreparably damaged by the enforcement of the August 18th contract and seek to enjoin its operation. Plaintiffs place their claim of unfair representation and hostile discrimination under section 2 of the Railway Labor Act (RLA), as amended, 45 U.S.C. § 152, Steele v. Louisville & Nashville R. R., 323 U.S. 192, 199, 65 S.Ct. 226, 89 L.Ed. 173 (1944), and their claim that they were unlawfully disciplined and punished under sections 102 and 609 of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 412 and 529.

Defendants, by this motion, assert that the complaint must be dismissed because it fails to allege exhaustion by plaintiffs of internal union remedies or an adequate reason for failure to do so, that the complaint fails to state a claim upon which relief can be granted, and that it fails to join indispensable parties.

By decisional development under the RLA and by express statutory provision under the LMRDA, § 101(a) (4), 29 U.S.C. § 411(a) (4), the general rule is that as a prerequisite to seeking relief on the facts alleged here, the plaintiff union members may be required first to exhaust whatever internal remedies the union provides in attempting to alleviate their grievances. See Detroy v. American Guild of Variety Artists, 286 F.2d 75, 78–79 (2d Cir.), cert. denied, 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961) (LMRDA); Neal v. System Bd. of Adjustment, 348 F.2d 722 (8th Cir. 1965) (RLA); Calagaz v. Calhoon, 309 F.2d 248 (5th Cir. 1962) (LMRDA); Gainey v. Brotherhood of Ry. & SS. Clerks, 275 F.2d 342 (3d Cir. 1960) (RLA); Long Island City Lodge 2147, etc. v. Railway Express Agency, 217 F.Supp. 907 (S.D. N.Y.1963) (RLA); Lacey v. O'Rourke, 147 F.Supp. 922 (S.D.N.Y.1956) (RLA). Plaintiffs are excused from exhaustion of internal union remedies under the RLA when they allege facts to sustain a finding that it would be futile to do so. Calagaz v. Calhoon, supra; Long Island City Lodge 2147, etc. v. Railway Express Agency, supra.

Under the LMRDA, according to the statute itself, a plaintiff need not press internal administrative remedies beyond a four-month time. 29 U.S.C. § 411(a) (4). It was held in Detroy v. American Guild of Variety Artists, supra, that where the union remedy was uncertain, the violation of federal law clear and undisputed, the injury to plaintiff immediate and difficult to compensate, the court would exercise its discretion to allow immediate suit. Other factors to be considered include whether the court would be deprived of jurisdiction by waiting, Harvey v. Calhoon, 224 F.Supp. 800

(S.D.N.Y.1963), or if the union action clearly exceeded the limits of its disciplinary powers, Simmons v. Avisco, Local 713, Textile Workers, 350 F.2d 1012 (4th Cir. 1965), or if the action complained of is void, Libutti v. Di Brizzi, 337 F.2d 216 (2d Cir. 1964).

Recent cases indicate that the futility standard applicable in the common law rule of exhaustion will apply to cases under the LMRDA if there is a specific sound reason why a resort to union remedies would be futile. See King v. Randazzo, 234 F.Supp. 388 (E.D.N.Y. 1964), aff'd and modified on other grounds, 346 F.2d 307 (2d Cir. 1965); Farowitz v. Associated Musicians, 330 F.2d 999 (2d Cir. 1964).

■ The complaint herein does not allege that plaintiffs exhausted their internal union remedies nor is a reason given for failing to do so. In consideration of the heretofore cited cases, the complaint must be dismissed on this asserted ground.

A second ground is urged for dismissal, for failure to state a claim. Insofar as the first count is concerned, defendants place their primary reliance upon Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964), and Ford Motor Co. v. Huffman, 345 U.S. 330, 73 S.Ct. 681, 97 L.Ed. 1048 (1953). In both of these cases the Supreme Court stated:

> "Inevitably differences arise in the manner and degree to which the terms of any negotiated agreement affect individual employees and classes of employees. The mere existence of such differences does not make them invalid. The complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion." 375 U.S. at 349, 84 S.Ct. at 371; 345 U.S. at 338, 73 S.Ct. at 686.

In Humphrey, the Court was reviewing a record after trial and found that the union acted "honestly, in good faith and without hostility or arbitrary discrimination", 375 U.S. at 350, 84 S.Ct. at 372. In Ford, the Court made its determination after both sides had moved for summary judgment in the court below. The Court found that the union did not act arbitrarily as a matter of law when it agreed to give seniority credit to workers for pre-employment military service. There was no evidence that the union arrived at its decision unfairly.

■■ The complaint herein, in paragraph 10, states that:

> " * * * The Brotherhood and/or The Lodge by their officers agreed, colluded and conspired * * * arbitrarily, capriciously and in bad faith * * *."

Whether or not plaintiffs can substantiate this claim is not for determination on a motion to dismiss. In Ferro v. Railway Express Agency, 296 F.2d 847 (2d Cir. 1961), this circuit reversed the district court's granting of defendants' motion for summary judgment in a similar case where the complaint stated that

> "defendants have in a willful and malicious manner discriminated against plaintiff in favor of members of Lodge 2147 of the Brotherhood."

Under the liberal pleading rules of the federal courts, this count of the complaint is sufficient against attack. See 2 Moore, Federal Practice ¶ 8.13 (2d ed. 1964).

■ Defendants contend that plaintiffs' second claim should be dismissed on the ground that section 603(b) of the LMRDA, 29 U.S.C. § 523(b), confines the subject matter of the complaint to the RLA. This claim is predicated on allegations that plaintiffs have in the past expressed critical views of the management of the Lodge and that the agreement to dovetail was a means used to discipline and punish the plaintiffs. Defendants have cited no cases in support of their contention, and the court can find none. The claim is cognizable under the

LMRDA because it is not provided for by the RLA. This branch of the motion is denied.

■ Lastly, defendants contend that the complaint should be dismissed because the plaintiffs have not joined indispensable parties, namely, the transferred employees of the Mott Haven Yard, who would be adversely affected by the granting of the relief sought by plaintiffs. Plaintiffs have sued the Brotherhood of Railway Carmen and New York City Lodge 1085 of the Brotherhood as a class. Defendants do not assert why a class action should fail in this case. They rely on Neal v. System Bd. of Adjustment, supra. Although the court in that case thought it was "unnecessary * * * to consider the additional issue relative to indispensable parties", 348 F.2d at 727, because it had disposed of the matter before it on another ground, the court found "an absence of the common interest essential for an appropriate class", 348 F.2d at 728. Defendants have not shown that to be the case here. Nix v. Spector Freight System, 264 F.2d 875, 877 (3d Cir. 1959), relied on by the court in *Neal*, supra, and the defendants herein, involved a suit by employees against an employer to enforce an arbitration award that nullified certain seniority arrangements. Neither the adversely affected employees *nor* the union had been named; thus the court found that those employees were not represented. See also Order of R. R. Telegraphers v. New Orleans, Tex. & Mex. Ry., 229 F.2d 59 (8th Cir. 1956), also relied on in *Neal*. Herein, the local represents the employees as a class. It made the very determination of which plaintiffs complain. In the absence of a showing that the benefited employees' interests are not the same as the defendant union's, the motion to bring in the employees as indispensable parties is denied.

The complaint is dismissed with leave to replead showing exhaustion of remedies, or facts upon which the court may properly find that exhaustion of remedies is unnecessary.

So ordered.