377 F.2d 243
 O. V. FOY, Appellant,
v.
NORFOLK AND WESTERN RAILWAY COMPANY, a corporation, Brotherhood of Railroad Trainmen, an unincorporated association, Brotherhood of Railroad Trainmen, Local Lodge 550, John Jennings, Secretary, Local Lodge 550, Brotherhood of Railroad Trainmen, and John Cartos, President and Local Chairman, Local Lodge 550, Brotherhood of Railroad Trainmen, Appellees.
 No. 11051.
 United States Court of Appeals Fourth Circuit.
 Argued March 10, 1967.
 Decided April 21, 1967.
 
 Howard I. Legum, Norfolk, Va. (Fine, Fine, Legum, Schwan & Fine, Norfolk, Va., on brief) for appellant.
 Robert R. MacMillan, Norfolk, Va. (Breeden, Howard & MacMillan, Norfolk, Va., on brief) for appellees Brotherhood.
 Jos. L. Kelly, Jr., Norfolk, Va. (Williams, Cocke, Worrell & Kelly, Norfolk, Va., on brief) for appellee Norfolk and Western Railway Co.
 Before J. SPENCER BELL and WINTER, Circuit Judges, and HARVEY, District Judge.
 J. SPENCER BELL, Circuit Judge.
 
 
 1
 This action was brought by plaintiff, a resident of Virginia, under the Railway Labor Act (45 U.S.C. § 151 et seq.), against his employer, the Norfolk and Western Railway Company, a Virginia corporation, and against his union, the Brotherhood of Railroad Trainmen, and two of its local officials. Plaintiff alleged in his complaint that the defendants had discriminated against him because he is a Negro, thus preventing him from being promoted to more desirable and higher paying positions during the course of his employment. Summary judgment was granted for the defendants on the grounds that plaintiff had failed to exhaust his intra-union, contractual, and administrative remedies without offering any reasons, other than bare allegations for his failure to do so.
 
 
 2
 Plaintiff Foy had been employed by Norfolk and Western as a yard brakeman since 1926. Since 1957, he had been a member of Local Lodge No. 550 of the Brotherhood. On March 17, 1965, this action was commenced.
 
 
 3
 The Brotherhood, on April 21, 1965, filed a motion to dismiss the complaint on the ground that the plaintiff was a member of Local Lodge No. 550 and had failed to pursue or exhaust his intra-union remedies by following the grievance procedures provided by the Brotherhood's constitution. The Brotherhood's motion was supported by two affidavits: in one, the current chairman of the Brotherhood's local grievance committee stated that plaintiff had not followed the grievance procedure; and in the other, the chairman of the Brotherhood's general grievance committee stated that grievances of other Negro members could and had been processed by local lodges and the general grievance committee and had been satisfactorily adjusted in the past. Plaintiff filed no counter-affidavits.
 
 
 4
 The district court treated the motion as a motion for summary judgment in accordance with Rule 12(b) of the Federal Rules of Civil Procedure, and on March 4, 1966, summary judgment was granted for the Brotherhood and Norfolk and Western. Thereafter, on April 19, 1966, plaintiff was granted leave to file an amended complaint.
 
 
 5
 The unverified amended complaint alleged that plaintiff had not followed the Brotherhood's grievance procedure before 1955 because he had been excluded from membership because of his race; and that he did not resort to the grievance procedure after admission to the Brotherhood because (1) he had requested the local chairman to take steps to end the discrimination and was told nothing could be done, and (2) his complaint was not a "grievance" of the type contemplated by the Brotherhood's constitution, so that to follow the procedure would have been futile.
 
 
 6
 The Brotherhood promptly filed a motion to dismiss the amended complaint, which motion was supported by affidavits of all three men who had served as chairman of the local grievance committee since 1955. The affiants stated that the plaintiff had never requested action to end the alleged discrimination, that he had never discussed his grievance with any of them, and that they had not told plaintiff that nothing could be done. The two affidavits which had been filed with the motion to dismiss the original complaint were also filed with the motion to dismiss the amended complaint.
 
 
 7
 Norfolk and Western also filed a motion to dismiss the amended complaint on the following grounds: (1) it could not have participated in any violation of the plaintiff's right to fair representation under the Railway Labor Act for the reason that this right had not been violated by the Brotherhood; (2) any violation of contract rights is within the exclusive jurisdiction of the National Railroad Adjustment Board; and (3) plaintiff had not exhausted his contractual remedies under the collective bargaining agreement applicable to his employment. The last ground was substantiated by an affidavit of the general agent and superintendent of Norfolk and Western at Norfolk, Virginia, who stated that plaintiff's first claim to the railroad that he should be considered for promotion was rejected because it was not made within the time provided by the claims rule, but at that time plaintiff was advised that he would be included in the next group of yardmen to be examined for promotion; and that plaintiff was in fact examined with the next group and was subsequently promoted to the position of yard conductor. The affiant further stated that vacancies for the position of car retarder operator, in which plaintiff had also expressed an interest in his complaint, had always been duly advertised and that plaintiff had at no time qualified or attempted to qualify himself for that position in accordance with the terms of the collective bargaining agreement.
 
 
 8
 On May 27, 1966, the district court gave notice to counsel for all parties that argument on the motions to dismiss the amended complaint would be heard on August 3, 1966. The defendants' motions and all supporting affidavits had been served on the plaintiff prior to May 27. At no time before the hearing date did plaintiff file any counter-affidavits or other response to the defendants' motions. After oral argument on the motions, treated by the court as motions for summary judgment, had been heard, plaintiff asked leave to file a counter-affidavit. Plaintiff offered no explanation why the affidavit had not been timely filed, nor did he indicate who the affiant would be or what would be the affidavit's nature. The district court denied the plaintiff's motion to file a late affidavit and granted summary judgment for all defendants. We affirm.*
 
 
 9
 There is, of course, no doubt that the Railway Labor Act imposes upon a union serving as a bargaining agent under the Act an absolute duty to represent all employees fairly and without discrimination. E. g., Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The question now under consideration, however, is whether the district court abused its discretion in requiring the plaintiff first to exhaust his intra-union remedies under the circumstances of this case before bringing his grievance to the courts.
 
 
 10
 The Labor-Management Reporting and Disclosure Act provides that a labor union cannot limit the right of a member to institute a court action:
 
 
 11
 "Provided, That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) with such organization, before instituting legal or administrative procedures against such organizations or any officer thereof * * *." 29 U.S.C. § 411(a) (4) (1964).
 
 
 12
 The purpose of the proviso is to further development of union democracy; it is not mandatory, however, "but allows the courts in their discretion to determine whether pursuit of such remedies is required." Simmons v. Avisco Local 713, Textile Workers Union of America, 350 F.2d 1012, 1016 (4 Cir. 1965). See Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2 Cir.), cert. denied, 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961). Generally, the courts will require an exhaustion of intra-union remedies in the absence of some showing that to do so would be futile or that the remedies are inadequate. E. g., Thompson v. New York Cent. R. R., 250 F.Supp. 175 (S.D.N.Y. 1966); Deluhery v. Marine Cooks & Stewards Union, 211 F.Supp. 529 (S.D. Cal.1962). See Farowitz v. Associated Musicians of Greater New York, Local 802, 241 F.Supp. 895 (S.D.N.Y.1965); Bradley v. Local 119, GE-IUE, 236 F. Supp. 724 (E.D.Pa.1964).
 
 
 13
 Rule 56(e) of the Federal Rules of Civil Procedure provides:
 
 
 14
 "* * * When a motion for summary judgment is made and supported as provided in this rule [by affidavits, depositions, or answers to interrogatories], an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." [Emphasis added.]
 
 
 15
 Thus, under Rule 56(e), once the Brotherhood had offered its motion, accompanied by affidavits which answered the plaintiff's allegations regarding his reasons for not resorting to his intra-union remedies, plaintiff was required to offer counter-affidavits, depositions or answers to interrogatories sufficient to show the existence of a dispute as to a material fact, or have his bare allegations disregarded. Since plaintiff offered no timely response to the defendants' affidavits, he has, in effect, offered no evidence of any dispute as to the availability of a grievance procedure to correct the wrongs he complained of and no reasons whatsoever for his failure to abide by the grievance procedure of the Brotherhood. In the absence of some explanation for his failure, the district court did not abuse its discretion in granting summary judgment for the defendants.
 
 
 16
 Neither can we say that the district court abused its discretion by refusing to allow the plaintiff to file a late affidavit after argument on the motion to dismiss the amended complaint had been completed. A review of the sequence of events in this case makes it clear that the plaintiff must have become aware long before the August 3 hearing that in order to proceed to a trial on the merits he would have to submit affidavits or some other response supporting his contention that following the grievance procedure would be futile. Plaintiff had suffered a summary judgment against him after filing his original complaint because of his failure to exhaust his intra-union remedies. After he filed his amended complaint, in which he alleged reasons for his failure to exhaust his intra-union remedies, the defendants filed affidavits completely refuting plaintiff's allegations, thus rendering them totally ineffective under Rule 56(e). Those affidavits were served on plaintiff on May 9, 1966, and on May 27, his counsel was informed that the hearing date for the defendants' motions would be August 3. During the entire period of this litigation, plaintiff was represented by competent counsel. Yet plaintiff filed no counter-affidavits or other response. The most logical explanation for his failure to do so would seem to be that he in fact could not. When, after the arguments on the motions to dismiss the amended complaint, treated by the court as motions for summary judgment, the plaintiff asked for leave to file a late affidavit, he gave no explanation of why he had failed to file timely affidavits, nor did he offer to reveal to the court the nature of the affidavit or the identity of the affiant. We find no basis for concluding that the district court abused its discretion in denying plaintiff's motion. On the contrary, the district court's handling of the proceedings of this case reveals a conscientious effort to provide the plaintiff with an opportunity fairly to present his case. After the first summary judgment, the court afforded plaintiff leave to amend his original complaint and gave him ample time to prepare a response to the defendants' motions to dismiss the amended complaint and the supporting affidavits. The District Court for the Eastern District of Virginia is among the busiest in the nation, and it is obvious that the court must necessarily require substantial compliance with the rules of procedure in order best to dispense justice for all.
 
 
 17
 We need not consider here whether there is any ground for retaining the case against Norfolk and Western independently of the case against the Brotherhood. Plaintiff has not argued in his brief or during oral argument on appeal that there are grounds for reversing the summary judgment in favor of Norfolk and Western, even if the summary judgment for the Brotherhood is upheld. In fact, plaintiff stated in his brief: "[I]t is important to note that the primary cause of action * * * asserted by the plaintiff in the case at bar, is against the Union, which has breached its duty to represent all the employees in the class fairly." (Emphasis in original.) Therefore, any objection to the district court judgment other than that it was based on the fact that plaintiff had not exhausted his intra-union remedies is deemed waived under the rules of this court.
 
 The judgment of the district court is
 
 18
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Plaintiff has moved in this court for leave to file an affidavit justifying his failure to exhaust his intra-union remedies. No authority has been cited in support of this motion, nor has sufficient reason been advanced why plaintiff should be permitted to supplement the record below by filing an affidavit in this court. Even if accepted as a part of the record, the proffered affidavit sets forth no specific facts which would alter our decision in this case. It contains merely a general statement by plaintiff that because of certain conversations with Brotherhood officials in 1957 he "felt" that it was futile to present a grievance to the union in accordance with its rules and regulations