**Philip JOHNSON, Plaintiff,**

**v.**

**Paul S. ROCKHOLD, Individually and as Business Agent of International Association of Bridge, Structural and Ornamental Iron Workers, Local Union 361, International Association of Bridge, Structural and Ornamental Iron Workers, Local Union No. 361 and International Asssociation of Bridge, Structural and Ornamental Iron Workers, Defendants.**

**No. 68–C–630.**

United States District Court
E. D. New York.

Nov. 25, 1968.

Jules Herman, Garden City, N. Y., for plaintiff.

Harold Stern, New York City, for defendants.

## MEMORANDUM and ORDER

TRAVIA, District Judge.

This is a motion for an order dismissing each of the causes of action set forth in the complaint.

The gravamen of the complaint, brought under Title 1 of the Labor Management Reporting and Disclosures Act of 1959 (LMRDA), 29 U.S.C. § 401 et seq., is that Paul S. Rockhold, a Business Agent of the International Association of Bridge, Structural and Ornamental Iron Workers, Local 361, has brought an action for slander against the plaintiff in the Supreme Court of the State of New York, Queens County, for statements made by plaintiff in a union meeting, without first pursuing the internal union procedures mandated by the Local Constitution and By-Laws and the International Constitution, and that the International Union has refused to convene a hearing of this grievance of the plaintiff against Rockhold and Local 361. This, plaintiff alleges, deprives him and his fellow members of "freedom of speech" and guaranteed reasonable grievance and hearing procedures.

Plaintiff also alleges that the International Union has failed to have Local 361 enact By-Laws, as the International Constitution requires, and therefore Rockhold's election as Business Agent and all of the proceedings of Local 361 were and are improper; that Rockhold, as Business Agent of the Local, failed to prepare and prevented the preparation and adoption of By-Laws for Local 361; and that plaintiff was silenced in union meetings when he tried to bring to the attention of the union membership the situation as to By-Laws.

Plaintiff demands judgment:

1. Permanently restraining and enjoining the defendant, Paul S. Rockhold, from conducting, causing to be conducted, and prosecuting the action brought by him against the plaintiff in the Supreme Court, Queens County, State of New York, unless and until plaintiff has been afforded a reasonable and fair opportunity to have his grievances heard and determined.

2. That the defendant, Paul S. Rockhold, be required to institute all necessary prescribed and appropriate hearing procedures prior to judicial proceedings brought against plaintiff can be continued by the said defendant herein, Paul S. Rockhold.

Plaintiff further asks the Court to direct the defendants to assure to plaintiff the right to participate in deliberations of the Local, and for damages.

▓ Plaintiff has not asserted a cause of action. It is now firmly established that in the Labor Management Reporting and Disclosures Act of 1959, 29 U.S.C. § 401 et seq., under which plaintiff claims this Court has jurisdiction:

The Congress has decided that it is in the public interest that unions be democratically governed and toward that end that discussion should be free and untrammeled and that reprisals within the union for the expression of views should be prohibited. It follows that although *libelous statements may be made the basis of civil suit between those concerned, the union may not subject a member to any disciplinary action on a finding by its governing board that such statements are libelous.* (Emphasis added.) Salzhandler v. Caputo, 316 F.2d 445, 451 (2d Cir. 1963), cert. denied 375 U.S. 946, 84 S.Ct. 344, 11 L.Ed.2d 275 accord, Cornelio v. Metropolitan District Council of Philadelphia, 243 F. Supp. 126 (E.D.Penn., 1965); aff'd 358 F.2d 728 (3d Cir. 1966); cert. denied 386 U.S. 975, 87 S.Ct. 1167, 18 L.Ed.2d 134; Stark v. Twin City Carpenters District Council, 219 F.Supp. 528 (D.Minn., 1963).

There are two exceptions to the above rule, in a proviso to § 101(a) (2), LMRDA, 29 U.S.C. § 411(a) (2)—Union discipline may be invoked when the union members' exercise of free speech interferes with the union's legal or contractual obligations, or is a violation of the "responsibility of every member to-

ward the organization as an institution." Plaintiff makes no contention that his allegedly defamatory statement, in which he accused Rockhold of letting the air out of his tires and sending people to burn down his house, comes under these exceptions, and it does not. Therefore, the very thing plaintiff asks this Court to direct—that Rockhold instigate union proceedings against plaintiff on the libel charge, before any suit can be brought by Rockhold in the courts—is a proceeding that the union is forbidden to conduct. Likewise, no case can be found that holds that a civil suit for slander is forbidden under these circumstances. In fact, such a suit appears to be Rockhold's only remedy for the allegedly defamatory statement.

■ The complaint must also be dismissed because plaintiff has failed to exhaust his intra-union remedies.

Plaintiff and other union members filed charges against Rockhold with the General President of the International alleging that, by bringing of the slander action in the state court, Rockhold had violated the union constitution and should be expelled from membership. The General President, following the International Constitution, determined that the charges were not of such a nature as to justify a union trial, especially in light of Salzhandler v. Caputo, supra.

Article IX, Section 15, of the International Constitution, provides that "Decisions of the General President may be appealed, first, to the General Executive Board; second, to the General Executive Council, and finally to a regular convention * * *." There are no indications that plaintiff ever appealed from the decision of the General President not to have a trial of the charges. Title 29, U.S.C., § 411(a) (4) guarantees plaintiff's right to sue *"Provided* That * * * [he] may be required to exhaust reasonable hearing procedures" beforehand. While there are situations in which the exhaustion doctrine will

not be followed, e.g., Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2d Cir. 1961), cert. denied 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388; Farowitz v. Associated Musicians of Greater New York, 330 F.2d 999 (2d Cir. 1965), 241 F.Supp. 895 (S.D.N.Y.1965), generally the courts will require an exhaustion of intra-union remedies in the absence of a showing that it would be futile to do so or that the remedies are inadequate. Foy v. Norfolk and Western Railway Co., 377 F.2d 243 (4th Cir. 1967), cert. denied 389 U.S. 848, 88 S.Ct. 74, 19 L. Ed.2d 117; Gainey v. Brotherhood of Railway & Steamship Clerks, 275 F.2d 342 (3d Cir. 1960); Thompson v. New York Central Railroad Company, 250 F. Supp. 175 (S.D.N.Y.1966). Plaintiff has made no showing here of futility or inadequacy, but merely alleges in his affidavit that he complied with the grievance procedures of the Local and International by filing charges with the International. While plaintiff's memorandum states that appeals from the General President's decision would be "an exercise in futility and time-consuming," such a bald assertion gives this Court no grounds on which to find that exhaustion of intra-union remedies should not be required in this case.

The situation as to the By-Laws is even less favorable for plaintiff. There is no indication that at any time plaintiff attempted to bring to the attention of even the General President the allegation that no By-Laws exist. Furthermore, it appears that By-Laws have existed since 1927, when as required by the International Constitution, the General Executive Board approved the By-Laws of Local 361, with the exception of one Article not relevant to the case before us. Plaintiff in his complaint even makes reference to various sections of the By-Laws.

The motion to dismiss each of the causes of action set forth in the complaint is granted.

So ordered.