Marion **FULSOM** et al., Plaintiffs,

v.

**UNITED–BUCKINGHAM FREIGHT LINES, INC.,** and Local Union No. 41, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants.

Civ. A. No. 18649–3.

United States District Court,
W. D. Missouri, W. D.

Sept. 30, 1970.

————◆————

John A. Biersmith, Kansas City, Mo., for plaintiffs.

William L. Turner, of Gage, Hodges, Kreamer & Varner, Kansas City, Mo., for defendant United-Buckingham Freight Lines, Inc.

Joseph N. Miniace, James D. Shine, Jr., and Joel Pelofsky, Kansas City, Mo., for defendant Local Union No. 41.

## JUDGMENT OF DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO ATTEMPT TO EXHAUST GRIEVANCE PROCEDURE

WILLIAM H. BECKER, Chief Judge.

Plaintiffs are employees of defendant United-Buckingham Freight Lines, Inc., a corporation organized and existing under the laws of a state other than Missouri and maintaining its principal place of business in Colorado, but engaged within this District in the interstate transportation of goods as a common carrier. Plaintiffs are members of defendant Local Union No. 41, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. Plaintiffs have sought to bring this action under Sections 301 and 303 of the Labor Management Relations Act, Sections 185 and 187, Title 29, United States Code. They allege that "[o]n or about June 24, 1970, Defendant United-Buckingham and Defendant Local Union No. 41 mutually agreed, conspired, and combined to eliminate and disregard the seniority of these Plaintiffs possessed by them by virtue of the aforesaid employment under the terms of the relevant collective bargaining agreement"; that "[p]ursuant to such agreement, combination and conspiracy Defendants have threatened each of these Plaintiffs with the loss of their employment and demanded that they relocate their families in various other locations throughout the United States in other employments with less seniority than that to which Plaintiffs are entitled"; that "[s]uch agreement of June 24, 1970, was consented and agreed to by Defendant Union, acting at all times relevant hereto through its duly authorized agents, in violation of the duty of said Defendant Union to fairly represent and to protect the interests of the Plaintiffs"; and that "[s]aid agreement deprived these Plaintiffs of the right to file and process any remedy they might otherwise have by reason of the grievance procedures set forth in said collective bargaining agreements, so that any attempts to pursue such remedy have been rendered, is (sic) futile." Plaintiffs therefore request an injunction to permanently enjoin defendants "from implementing the aforesaid agreement of June 24, 1970, or in any other way interfering with the rights of these Plaintiffs to the continued performance of the duties of their employment," a temporary restraining order, and a judgment for their costs, for damages, and specifically for damages against the defendant Union "in the present amount of One Thousand Dollars ($1,000.00)" and

costs. On September 17, 1970, defendant United-Buckingham Freight Lines, Inc. filed its "motion to dismiss or for a more definite statement" in which it asserted that plaintiffs had not attempted to exhaust their remedies under the grievance procedures made under the collective bargaining agreement. In its motion, defendant United-Buckingham stated that:

"At the time the present controversy arose, there was in effect a National Master Freight Agreement. All rights, obligations and duties of the parties are set forth in said agreement. In addition to the aforementioned master agreement, there was in force a Central States Supplemental Agreement covering the same period of time. Article 45, Section 1, of the said agreement states in part:

'The union and employees agree, that there shall be no strike, lockout, tieup or legal proceedings without first using all possible means of settlement, as provided in this agreement, and in the national agreement, if applicable, of any controversy which might arise.'

"The Article thereafter proceeds to set out directly and by reference to the national agreement, the grievance procedures and remedies which must be followed before a civil action may be initiated."

Attached to the motion are the affidavits of Terminal Manager Howard Davis (who avers that the "change" apparently complained of by plaintiffs "requires all those affected to become members of a pool known as a 'master wheel'. All those assigned to the pool bid for jobs according to their seniority, in the job classification they had held, i. e., over-the-road, etc. Each of the plaintiffs was assigned to this master wheel; however, they lacked sufficient seniority to bid for available jobs in the pool. As a result, the plaintiffs were forced to be laid off from their jobs") and William L. Turner, attorney for defendant, respecting the existence of Article 45, cited above. Also, on the same date, defendant Union moved to dismiss because plaintiffs "have not exhausted the remedies available under the Union constitution and collective bargaining agreement, and that plaintiffs' petition (sic) fails to state a cause of action" and, alternatively, "to stay this action and to direct plaintiffs to exhaust their available internal (sic) remedies."

 It is well established that the federal district court has jurisdiction of claims by employees of breach by employer or union, or both, of the statutory duty of fair representation and breach of the collective bargaining contract. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842. But in that case it was clearly stated that, "it is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement. Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580." 386 U.S. at 184, 87 S.Ct. at 914, 17 L.Ed.2d at 854. The unopposed affidavits in this case establish that the grievance procedures in this case are intended to be exclusive. In suggestions in opposition to the motion to dismiss, plaintiffs do not deny the facts stated in the affidavits or that the remedies which exist under the collective bargaining agreement in this case are exclusive.[1] In Republic Steel Corp. v.

---

1. In their suggestions in opposition to the motion, plaintiffs chiefly rely on Glover v. St. Louis-San Francisco Railway Co., 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519, to the effect that plaintiffs need not be forced to exhaust administrative remedies where it would be "wholly futile" to do so in a case wherein the remedy would be "administered by the union, by the company, or both to pass on claims by the very employees whose rights they have been charged with neglecting and betraying." 393 U.S. at 330–331, 89 S.Ct. at 552. But, as stated in the body of this order, no statement of facts has been made in opposition to the affidavits of defendants to show that the

Maddox, 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580, 583, it is said:

"As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress. If the union refuses to press or only perfunctorily presses the individual's claim, differences may arise as to the forms of redress then available. See Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370; [National] Labor [Relations] Board v. Miranda Fuel Co. [2 Cir.,] 326 F.2d 172. But unless the contract provides otherwise, there can be no doubt that the employee must afford the union the opportunity to act on his behalf." (Emphasis added.)

The exception mentioned in Republic Steel Corp. v. Maddox, *supra,* 379 U.S. at 658, 85 S.Ct. at 619, 13 L.Ed.2d at 586, occurs when the parties agree expressly that such arbitration is not an exclusive remedy, and is not applicable in the case at bar in view of plaintiffs' admission of the existence of Article 45 of the Central States supplemental agreement. Therefore, it appears that plaintiffs' contention that it would be futile to attempt to exhaust the remedies is premature when no attempt has been made to exhaust them as required by the above recent authorities.

Section 411 of Title 29, United States Code, provides that:

"No labor organization shall limit the right of any member thereof to institute an action in any court, or in a proceeding before any administrative agency, irrespective of whether or not the labor organization or its officers are named as defendants or respondents in such action or proceeding, or the right of any member of a labor organization to appear as a witness in any judicial, administrative, or legislative proceeding, or to petition any legislature or to communicate with any legislator: *Provided,* That any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof: *and provided further,* That no interested employer or employer association shall directly or indirectly finance, encourage, or participate in, except as a party, any such action, proceeding, appearance, or petition."

The statute has been construed "to mean that a member of a labor union who attempts to institute proceedings before a court or an administrative agency may be required *by that court or agency* to exhaust internal remedies of less than four months' duration before invoking outside assistance." Detroy v. American Guild of Variety Artists (C.A.2) 286

remedies would be wholly futile. Further, in *Glover,* it was noted as follows: "Here the complaint alleges in the clearest possible terms that a formal effort to pursue contractual or administrative remedies would be absolutely futile. Under these circumstances, the *attempt* to exhaust contractual remedies, required under Maddox, is easily satisfied by petitioners' repeated complaints to company and union officials, and no time-consuming formalities should be demanded of them." 393 U.S. at 331, 89 S.Ct. at 552, 21 L.Ed. 2d at 524.

But no attempt to exhaust or pursue contractual remedies is alleged or stated in the case at bar. Further, *Glover* was a racial discrimination case predicated on the holding in Steele v. Louisville and Nashville R. Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173, and is distinguished by the Court in *Glover* on that basis. No contention of racial discrimination is made in this case. Under the circumstances, it does not appear that plaintiffs state in any way any attempt to pursue contractual remedies by persistent complaints or otherwise.

F.2d 75. Generally, the courts require exhaustion:

> "While there are situations in which the exhaustion doctrine will not be followed, e. g., Detroy v. American Guild of Variety Artists, 286 F.2d 75 (2d Cir. 1961), cert. denied 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 [internal union remedies deemed inadequate where there was no hearing provided for wherein plaintiff could respond to the union's intention of taking disciplinary action and the impossibility of accurately determining damages made the remedy otherwise inadequate]; Farowitz v. Associated Musicians of Greater New York, 330 F.2d 999 (2d Cir. 1965), 241 F.Supp. 895 (S.D.N.Y.1965) [Further appeal would be futile where the union had consistently taken a position contrary to plaintiff's], generally the courts will require an exhaustion of intra-union remedies in the absence of a showing that it would be futile to do so or that the remedies are inadequate. Foy v. Norfolk and Western Railway Co., 377 F.2d 243 (4th Cir. 1967), cert. denied 389 U.S. 848, 88 S.Ct. 74, 19 L.Ed.2d 117; Gainey v. Brotherhood of Railway & Steamship Clerks, 275 F.2d 342 (3d Cir. 1960); Thompson v. New York Central Railroad Company, 250 F.Supp. 175 (S.D.N.Y. 1966)." Johnson v. Rockhold (E.D.N.Y.) 293 F.Supp. 1016, 1018.

It has been held that, under the provisions of this statute, the exhaustion of remedies under a bargaining contract or within the union is not an absolute condition to bringing an action in court, but that it is in the discretion of the Court to determine whether pursuit of such remedies is required. Simmons v. Avisco (C.A.4) 350 F.2d 1012. It has been held that prior exhaustion of an *intraunion remedy is not required as a* condition precedent to bringing suit if resort to those remedies would be futile. Tirino v. Local 164, Bartenders and Hotel & Rest. Emp. U. (E.D.N.Y.) 282 F.Supp. 809. But it has been held that the futility of such remedies is not established by the "bald assertion" that pursuit of them would be "an exercise in futility and time consuming." Johnson v. Rockhold, *supra*, 293 F.Supp. at 1018.

The present concern in this case is not with *exhaustion* of remedies under the collective bargaining contract, but with the requirement of Republic Steel Corp. v. Maddox, *supra,* and Vaca v. Sipes, *supra,* that the plaintiffs *attempt* to exhaust these remedies. Plaintiffs admit the existence of the grievance procedures, but only assert that it would be futile to be required to exhaust the remedies. But plaintiffs have not met the obligation to attempt the exhaustion before repairing to this Court if and when it becomes apparent that further attempts would be futile or when the remedies have been in fact exhausted. Woody v. Sterling Aluminum Products, Inc. (C.A.8) 365 F.2d 448, 456, cert. denied 386 U.S. 957, 87 S.Ct. 1026, 18 L.Ed.2d 105, reh. denied, 386 U.S. 1027, 87 S.Ct. 1371, 18 L.Ed.2d 471; Durham v. Mason and Dixon Lines, Inc. (C.A.6) 404 F.2d 864, 865. In Transport Workers Union of America AFL–CIO v. American Airlines, Inc. (C.A.10) 413 F.2d 746, 751, it was said:

> "The futility of the contractual or administrative remedy must clearly appear beyond mere conclusionary language in a complaint, for otherwise the doctrine of exhaustion would be dissipated by mere form and the door to the courts could be opened by prediction rather than by jurisdictional fact."

It therefore appears that this cause should be dismissed without prejudice to permit plaintiffs to attempt to utilize and exhaust the grievance procedures which are admittedly available under the collective bargaining contract.

It is therefore

Adjudged that this cause be, and it is hereby, dismissed without prejudice.