Norman **PROVENCAL** et al., for themselves and for members of their class, Plaintiffs,

v.

**ALLEGHENY AIRLINES, INC.,** et al., Defendants.

Civ. A. No. 5189.

United States District Court, D. Rhode Island.

Sept. 18, 1974.

David F. Sweeney, Breslin, Sweeney, Reilly & McDonald, Warwick, R. I., for plaintiffs.

Peter J. McGinn, Tillinghast, Collins & Graham, Providence, R. I., for Allegheny.

Sheldon M. Charone, Carmell & Charone, Chicago, Ill., Julius C. Michaelson, Abedon, Michaelson, Stanzler & Biener, Providence, R. I., for International Association of Machinists and Aerospace Workers & Air Transport Lodge # 1736.

## OPINION

DAY, District Judge.

This is a civil action by members of a labor union against said union and its local affiliate and their employer for damages for alleged failure of representation by said union and its local affiliate, and for alleged breach by their employer of the contract existing between said labor union and their employer, Allegeheny Airlines, Inc. The plaintiffs are five employees of said Allegheny Airlines, Inc. employed at the Theodore Francis Green Airport at Warwick, Rhode Island. They are members of the defendant, International Association of Machinists Air Transport Lodge # 1736 (hereinafter Lodge # 1736) which is the local affiliate of the defendant, International Association of Machinists and Aerospace Workers (hereinafter International). The plaintiffs bring this action in behalf of themselves and other members of said Lodge # 1736 who are employed at said Airport.

Plaintiffs allege in their complaint that this action arises under the provisions of the Railway Labor Act, 45 U.S.C. § 151 et seq. as applicable to carriers by air. 45 U.S.C. § 182. The jurisdiction of this Court is alleged to exist under the provisions of 28 U.S.C. § 1331, § 2201 and § 2202. The plaintiffs further allege that the matter in controversy arises under an Act of Congress and exceeds the sum of Ten Thousand Dollars ($10,000).

The plaintiffs in their complaint further allege that the defendant Lodge #1736 is the certified bargaining agent for the plaintiffs and members of their class with said employer Allegheny Airlines, Inc., and as their bargaining agent that it entered into a contract with said employer whereby said Lodge #1736 contracted to represent the plaintiffs and members of their class in all matters of collective bargaining, including wages, hours, working conditions and representation in grievances. The plaintiffs further allege that between January, 1972 and December 1, 1972, approximately one hundred twenty (120) grievances were filed by employee union members at said Theodore Francis Green Airport regarding breach of said contract by said Allegheny Airlines, Inc. These grievances related to the alleged failure of said employer to utilize union personnel to perform certain cleaning work within the jurisdiction of union personnel, a matter purportedly defined in said contract. Plaintiffs also allege that the de-

fendant, Lodge #1736, and the defendant, International, have neglected and failed to prosecute said grievances although said grievances were meritorious, and that representatives of said International acquiesced with said employer in a determination that said grievances were without merit. Plaintiffs further allege that the defendants conspired to prevent the plaintiffs from prosecuting the remedies available to them by virtue of the existing Collective Bargaining Agreement in effect at the time of said grievances and that such actions violated the provisions of said agreement and the provisions of 45 U.S.C. § 151 et seq. Plaintiffs also allege that said course of action by the defendants is continuing, and seek the appointment of a master or some disinterested person to consider and determine the merits of the grievances filed by the plaintiffs from and after January, 1972 and continuing to the present time and an award of damages, including punitive damages, costs and reasonable attorneys' fees.

This matter is now before me upon the motion of the defendants to dismiss said complaint on the ground that the plaintiffs have failed to exhaust their intra-union remedies provided in the Constitution of the defendant International. The movants cite Section 16 of Article L of said Constitution as requiring exhaustion of all remedies provided in said Constitution before a member of said union may resort to legal action against said Unions.[1]

The movants further assert that said Constitution provides for an appeal to the President of said International in the instances complained of and that under said constitutional provision, a "full and adequate" remedy was provided to the plaintiffs for a review of the decisions of which they complain in this action.

The parties appear to agree that approximately one hundred twenty (120) grievances were "settled" in an agreement between representatives of the defendant employer and the defendant unions in which it was agreed that the employment by the defendant Allegheny Airlines, Inc. of non-union personnel to perform cleaning work during certain hours was not a violation of said Collective Bargaining Agreement. The plaintiffs assert said grievances were not fairly investigated and that as a result of the conspiratorial resolution of said grievances by the agents of the defendants, the plaintiffs were denied their right to fair representation by their unions.

The issues disputed by the parties as to this motion to dismiss are whether a private remedy for said alleged denial of fair representation by the defendant unions in fact exists and whether, if such private remedy exists, it has been exhausted and whether the plaintiffs or the defendants bear the burden of pleading and proof as to these issues. As to the first of these issues, the parties are in apparent disagreement as to whether an intra-union remedy for the actions complained of is provided in the Constitution of said International. As to the second issue, the papers submitted by the parties appear to indicate that the plaintiffs did not avail themselves of the intra-union procedure which the defendants assert would provide a remedy, to-wit, an appeal to the President of said International. Finally, as to the third issue, the plaintiffs in opposition to said motion to dismiss assert that non-exhaustion of intra-union remedies is a matter to be raised by the defendants as an affirmative defense.

Generally the courts require that a member of a union who complains of an act of his union must exhaust his

1. Said Constitution has not been submitted to the Court. However, said motion quotes Section 16 of Article L thereof as follows: "No member of the I.A.M. shall resort to any court of law or equity or other civil authority for the purpose of securing an opinion or decision in connection with any alleged grievance or wrong arising within the I.A.M. or any of its subordinate bodies until such party shall have first exhausted all remedies by appeal or otherwise provided in this Constitution."

intra-union remedies in the absence of a showing that it would be futile to do so or that said remedies are inadequate. Fredrickson v. System Federation No. 114, 436 F.2d 764 (9th Cir. 1970); Foy v. Norfolk & Western Railway Co., 377 F.2d 243, 246 (4th Cir. 1967); Thompson v. N. Y. Central R. R. Co., 250 F. Supp. 175, 176 (D.C.S.D.N.Y.1966). The Labor-Management Reporting and Disclosure Act of 1959 permits a union's imposition of a limited requirement for exhaustion of intra-union remedies before an aggrieved union member may institute an action in court against his union. 29 U.S.C. § 411(a)(4).

However, the rule requiring exhaustion of union remedies has never been applied in a blanket fashion. A showing that resort to such union remedies would be futile excuses a union member from the duty to exhaust such remedies. *See* Fredrickson v. System Federation No. 114, supra; Foy v. Norfolk & Western Railway Co., supra.

The defendants in their motion to dismiss cite a provision in the Constitution of the defendant, International, providing for an appeal from and for a review of the decision of which the plaintiffs complain by the President of said International. The plaintiffs do not deny the existence of this provision.

Since there is no dispute as to the existence of such provision in said Constitution for an appeal and review, and no allegation by the plaintiffs that such remedy was utilized by them or that resort thereto would have been futile, the defendants' motion to dismiss is granted.

Such dismissal is without prejudice to the right of the plaintiffs to file an amended complaint alleging exhaustion of intra-union remedies or facts upon which the Court may properly find that such exhaustion of remedies would be futile.

Counsel for the defendants will prepare and present for entry an appropriate order.